Weygandt, C. J.
 

 Does the record disclose evidence tending to show that the respondents were guilty of an abuse of discretion in refusing to issue a permit to the relator to use its residence property for school purposes ?
 

 • The relator’s property is a single family residence located at the southwest corner of Superior and Hampshire roads in the city of Cleveland Heights. The parcel of land has a frontage of 220 feet on the first street and 164 feet on the second.
 

 Under the provisions of the zoning ordinance of that city the property is. in a class U-l, or single family, district. The ordinance reads in part as' follows:
 

 “Section 4. Single Family House District. * * *
 

 “(a) In a class U-l district no building shall be used and no building shall be erected which is arranged, intended or designed for a use enumerated in subdivision two (2) of class U-l uses, unless such dwelling is located:
 

 “(1) On a lot already devoted to a use enumerated in said subdivision, providing said devoted use is not. a ‘non-conforming’ use.
 

 “(2) On a lot fronting on a portion of a street between two intersecting streets in which portion there exists premises devoted to a class U-7 use.
 

 
 *223
 
 . “ (3) On a lot immediately adjoining or immediately opposite on the other side of the street from a class U-4 or Ü-5 district, or
 

 “ (4) On a lot determined by the City Planning and Zoning Commission after public notice and hearing to be so located that such building will in the judgment of the City Planning and Zoning Commission substantially serve the public convenience and welfare, and will not substantially and permanently injure the appropriate use of a neighboring property.”
 

 It is conceded that the relator’s property does not meet the conditions of any of the first three paragraphs and that the sole question is whether the respondents are required to issue a permit by reason of the provisions of paragraph four.
 

 It is conceded, too, that the zoning ordinance itself is constitutional. But it is insisted that the respondents have applied the provisions of the ordinance in such an arbitrary and unreasonable manner as to violate the guaranties of Section 1 of the Fourteenth Amendment to the Constitution of the United States and Sections 1, 2 and 19 of Article I of the Constitution of Ohio.
 

 Would the use of the relator’s property for school purposes “substantially serve the public convenience and welfare, and * * * not substantially and perma- > nently injure the appropriate use of neighboring property”? 1
 

 The evidencé discloses that this residential section of the city is in a U-l, or single family, district, and is improved with well kept homes occupied in most instances by the owners. However, there are several nonconforming uses. These consist of a two-story, four-suite apartment and one or two two-family houses, all of which were constructed before the zoning ordinance was adopted in the year 1921. Likewise, on the
 
 *224
 
 northwest corner of Superior and Hampshire roads is an old church — a frame building — which was ereetdd previous to the adoption of the zoning ordinance. But there is no evidence that there has been a failure to maintain the character of the district since the ordinance became effective.
 

 At the hearing before the planning commission it was stated on behalf of the relator that not more than 25 students were expected to attend the school. However, the record discloses testimony by one of the relator’s witnesses that the house would accommodate 75 to 100 students. Another of the relator’s witnesses testified that the house could accommodate 125 to 150 students.
 

 Furthermore, there is testimony that the use of the relator’s property for school purposes would substantially and permanently injure the appropriate use of the neighboring property and lower its value.
 

 The relator relies upon the decision of this court in the case of
 
 State, ex rel. Synod of Ohio of United Lutheran Church,
 
 v.
 
 Joseph et al., Village Comm.,
 
 139 Ohio St., 229, 39 N. E. (2d), 515, 138 A. L. R., 1274. However, a study of the particular facts in that case discloses a marked contrast with those in the instant controversy. Reduced to its lowest terms, 'the decision in that case was based upon the extremely important and unusual fact that the relator had been misled by the zoning and village commissions of the village of Upper Arlington. The relator had applied twice for a permit to build a church. Each application involved a different site. The respondents denied both requests. Thereafter the respondents- passed a resolution stating that certain other sites would be available for church purposes and that if an application were made for a permit to build on one of them, it would be granted. The relator accepted the respondents’ suggestion in
 
 *225
 
 good faith and purchased one of the recommended sites. Then an application was made for a building permit. But it, too, was denied. The relator then sought a writ of mandamus to compel the issuance of the permit on the ground that the refusal was “unreasonable, arbitrary, unwarranted, confiscatory and a restraint upon the freedom of worship.” The Court of Appeals properly allowed the writ, and the judgment was affirmed by this court.
 

 There is no such circumstance • in the instant case. This relator purchased the residence property on its own initiative and without suggestion or representation of any sort by the respondents. Furthermore, it is not contended that there is no available school site in convenient adjacent zones.
 

 The record discloses no evidence of an abuse of discretion by the respondents in refusing to issue a permit to the relator to use its residence property for school purposes. To entitle the relator to a writ of mandamus the evidence must show a refusal to perform “an act which the law specially enjoins as a duty resulting from an office, trust,, or station.” Section 12283, General Code.
 

 The judgment of the Court of Appeals is reversed and final judgment is rendered for the respondents. •
 

 Judgment reversed.
 

 Turner, Matthias, Hart and Stewart, JJ., concur.
 

 Zimmerman and Sohngen, JJ., dissent.