[Civ. No. 3734.   Fourth Dist.   Mar. 17, 1949.]

CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS (a Corporation), Appellant, v. CITY OF PORTERVILLE et al., Respondents.

Johnson, Harmon, Stirrat & Henderson and Jamison & Jamison for Appellant.

Waldo E. Buford, City Attorney, William MacKenzie Brown and Leon Thomas David for Respondents.

MUSSELL, J.—This appeal is from a judgment dismissing plaintiff's petition for writ of mandate. The judgment was based on an order sustaining the demurrer of defendants to the petition without leave to amend, dismissing the same and quashing the alternative writ of mandate theretofore issued.

The plaintiff, by its petition for a writ of mandate, sought to compel the defendants to issue a permit for the construction of a church on property owned by plaintiff in the city of Porterville. Plaintiff alleged that its application to erect a church upon its property was duly filed with the proper city officials and that defendant city building inspector refused to issue a permit for the erection of the church on the ground that the

property involved was zoned by the city solely for the erection of single family dwellings.

A copy of the zoning ordinance of the city of Porterville was attached to the petition. By its provisions, as far as applicable. here, the city was zoned as follows: R-1, wherein buildings are restricted to single family residences; R-2, to duplex or two-family residences; R-3, to multiple residences, and R-4, to permit unlimited residences. In R-1, only single family dwellings may be erected; in R-2, there are permitted all uses that are permitted under R-1, plus duplexes and two-family residences; in R-3, all uses of R-1 and R-2 are permitted, plus apartment houses, multiple family dwellings, hotels, boarding and lodging houses, clubs, fraternities, sororities, hospitals, etc. In R-4 called "unlimited residence," all uses of the preceding zones are permitted, plus libraries, museums, schools, churches and religious institutions, etc.

At the time the property was acquired by plaintiff it was partly within the city and thereafter was taken within the city limits and included in an area limited in its use to single family dwelling units, being zone R-1. Plaintiff's application for a building permit stated that the use and occupancy to which the building was to be put was "to provide a chapel and classrooms for religious worship and study and accommodations for youth activities and other church activities."

Plaintiff's contention is that the zoning ordinance as applied to plaintiff to prevent its construction of a church for religious worship upon its property is invalid because, as so applied, it bears no substantial relation to the public health, safety, morals and general welfare and thus is beyond the police power of the state to enact, and further, because the application of the ordinance to petitioner results in a restriction of religious worship in the absence of any grave or imminent danger justifying such a restriction. The precise question of whether or not there may be established, as a part of a comprehensive zoning plan, strictly private residential districts from which churches are excluded and in which they are prohibited, has apparently not been decided in this state; however, it has been held that general business enterprises, apartments, tenements and like structures may be excluded and prohibited in private residential districts. (*Miller* v. *Board of Public Works*, 195 Cal. 477, 490 [234 P. 381, 38 A.L.R. 1479].) As was said in *Wilkins* v. *City of San Bernardino*, 29 Cal.2d 332, 337 [175 P.2d 542]:

"It is well settled that zoning ordinances, when reasonable in object and not arbitrary in operation, constitute a justifiable

exercise of police power, and that the establishment, as part of a comprehensive and systematic plan, of districts devoted to strictly private residences or single family dwellings, from which are excluded business or multiple dwelling structures, is a legitimate exercise of the police power. (See *Jones* v. *City of Los Angeles,* 211 Cal. 304, 307 [295 P. 14]; *Miller* v. *Board of Public Works,* 195 Cal. 477, 490 [234 P. 381, 38 A.L.R. 1479]. . . . Every intendment is in favor of the validity of the exercise of police power, and, even though a court might differ from the determination of the legislative body, if there is a reasonable basis for the belief that the establishment of a strictly residential district has substantial relation to the public health, safety, morals or general welfare, the zoning measure will be deemed to be within the purview of the police power. (Citing cases.)''

In *Miller* v. *Board of Public Works, supra,* at page 492, it was said:

''There are some decisions which do not uphold the validity of a zoning ordinance establishing strictly residential districts. We are of the opinion, however, that the better reasoned cases are in favor of the validity of comprehensive zoning which establish strictly private home districts, and that the most which can be said of the cases to the contrary is that they merely show that this is a question upon which reasonable minds may differ.''

We are in accord with this view and we conclude that since the city had power to zone the property herein affected, strictly for single family dwellings, there was no abuse of the power in prohibiting the erection and construction of church buildings therein. It is a matter of common knowledge that people in considerable numbers assemble in churches and that parking and traffic problems exist where crowds gather. This would be true particularly in areas limited to single family dwellings. There necessarily is an appreciable amount of noise connected with the conduct of church and ''youth activities.'' These and many other factors may well enter into the determination of the legislative body in drawing the lines between districts, a determination primarily the province of the city.

A single family residence may be much more desirable when not in an apartment house neighborhood or adjacent to a public building such as a church. The municipal legislative body may require that church buildings be erected to conform to health and safety regulations as provided in its building

code and we see no reason to hold that churches may be erected in a single family residential area when a duplex, triplex, or other multiple dwelling can lawfully be excluded therefrom. ■ The provision in the ordinance for a single family residential area affords an opportunity and inducement for the acquisition and occupation of private homes where the owners thereof may live in comparative peace, comfort and quiet. Such a zoning regulation bears a substantial relation to the public health, safety, morals and general welfare because it tends to promote and perpetuate the American home and protect its civic and social values.

■ We find no merit in plaintiff's contention that the application of the ordinance to the plaintiff results in an unwarranted restriction of religious worship. The petitioner is not a congregation, but holds its property as a corporation sole, the existence of which depends upon the laws of the state. Having such right from the state, the enjoyment of the property is subject to reasonable regulations. The denial of a building permit did not prohibit anyone from religious worship and there is nothing in the record before us to indicate that the church building could not be erected if located in the area zoned for that purpose.

■ The petition fails to state a cause of action in that the facts alleged do not show that the ordinance in question is unreasonable and void as applied to plaintiff. The allegations are:

"That said zoning ordinance as applied to your petitioner so as to prevent your petitioner from erecting a church on the above mentioned property, is unconstitutional and void, in that said ordinance is arbitrary and unreasonable and is without any substantial relation to the public health, safety, morals or general welfare; that said ordinance is not based upon a finding by the governing body of the city of Porterville that such zoning is necessary to the public health, safety, morals or general welfare of the community. That said ordinance . . . is not based on the general welfare of the community and does not tend to preserve or promote the public health, safety, or morals, and constitutes an arbitrary exclusion of a church, . . . That said ordinance . . . constitutes a deprivation of petitioner's property without due process of law. . . ."

Matters of fact necessary to support the legal conclusions alleged are not stated, and the petition therefore states no cause of action. (*Wilkins* v. *City of San Bernardino, supra,* p. 344.)

■ The burden is upon the plaintiff to allege and prove physical facts from which the court could conclude as a matter of law that the ordinance was unreasonable and invalid. (*Wilkins* v. *City of San Bernardino, supra,* p. 338.)

■ In enacting zoning ordinances, the municipality performs a legislative function and every intendment is in favor of the validity of such ordinances. (*Jardine* v. *City of Pasadena,* 199 Cal. 64, 72-73 [248 P. 225, 48 A.L.R. 509].) It is presumed that the enactment as a whole is justified under the police power and adapted to promote the public health, safety, morals, and general welfare. (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 460 [202 P.2d 38].)

■ There is reasonable justification for the action of the defendant city in prescribing the buildings which may be erected and constructed in the zone established for single family residences and in such cases the wisdom of the prohibitions and restrictions is a matter for legislative determination. (*Lockard* v. *City of Los Angeles, supra,* p. 461.)

■ Plaintiff argues that the trial court should not have sustained the demurrer to the petition without leave to amend. The plaintiff, however, did not request leave to amend and the judgment contains a recital that petitioner ''advised the Court that leave to amend would be futile.'' Plaintiff's contention in the trial court was as stated in its reply brief—''That the prohibition of churches in virtually all residential zones is on its face not a proper exercise of the police power, and that it violates the constitutional immunity of freedom of religious worship.''

Where, as here, plaintiff elected to stand on the allegations of the petition, and declined to amend it, informing the court that amendment would be ''futile,'' it cannot be held that there was an abuse of discretion in the ruling of the trial court.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 13, 1949, and appellant's petition for a hearing by the Supreme Court was denied May 12, 1949. Shenk, J., and Carter, J., voted for a hearing.