[Civ. No. 8035. Third Dist. Dec. 20, 1951.]

CITY OF CHICO, Respondent, v. FIRST AVENUE BAP-
TIST CHURCH OF CHICO (a Corporation) et al.,
Defendants; JOHN GRAY, Appellant.

John Gray, in pro. per., for Appellant.

Price & Morony for Respondent.

ADAMS, P. J.—Plaintiff brought this action to enjoin the defendant church (a corporation) and several fictitious defendants from "carrying on and conducting a church and/or church and/or religious functions or services" in those certain premises commonly known as 1119 Esplanade, Chico, California, and more particularly described as Lots 4 and 5, of the Locey Subdivision of Block 70 of Chico Vecino, Chico, California. It was alleged in the complaint that said property is situated in "the single family residence district or R-1 district of the City of Chico," and that under the provisions of subdivision 3 of section 1790 of the Municipal Code of Chico, churches are prohibited in said R-1 district, according to the official zoning map of the city, unless a use permit shall first have been obtained; that at the time of the adoption of said ordinance, and the official zoning map of the city, said premises were used solely as a single-family residence, and that defendants did not come into possession thereof or seek to conduct a church, or church and religious functions, in said premises until after the adoption of the zoning map designating the area as a single-family residence one, but that defendants were at the time of the filing of the action, and with full knowledge of the ordinance, operating and conducting a church and/or church and/or religious functions on said premises without having obtained a use permit, and that they threatened to, and would continue to do so unless restrained.

A provision of the municipal code, ordinance 404, amending section 1796 of said code, was set forth in the pleading. It declared that any land, building, or premises operated or maintained contrary to the provisions of the ordinance was unlawful and a nuisance; and it authorized proceedings for abatement of same. The complaint then alleged that the city council had directed that such proceedings be brought.

Upon the filing of the complaint the court issued an order to show cause why a temporary injunction should not issue. The defendant church, by its president, filed an answer in which it asserted that the aforesaid provisions of the municipal code are unconstitutional in that they unlawfully restrict the right to worship on the premises in controversy, in contravention of the First and Fourteenth Amendments to the Con-

stitution of the United States. The church also filed a demurrer to the complaint on both general and special grounds. One E. J. Combs, appearing voluntarily as one of the fictitious defendants, also filed a demurrer and an answer. He alleged that he and other individuals had assembled on the premises in controversy, for the purpose of worship; and he relied upon the same grounds of unconstitutionality averred by the church corporation. John Gray, appellant here, later appeared voluntarily as a fictitious defendant, demurred, and filed an answer, in which he stated that he was one of the persons meeting as the congregation of defendant church; and he purported to appear not only for himself but "for those meeting with him"; and he claimed that they had a right to worship together on said premises in whatever form such worship should take, without having a permit from the city, its planning commission or the city council. He asserted that an application for a use permit had been made, and that hearings had been carried on before the planning commission which had given an adverse report, after which there had been an appeal to the city council, but that said appeal had been dismissed before a decision was rendered by the council.

Plaintiff demurred to Gray's answer on general grounds, and also averred that said answer was uncertain and ambiguous in that it could not be ascertained therefrom whether defendant Gray was appearing for himself alone, or for himself and others, or, if he appeared for others, who such others were. Plaintiff also filed a motion to strike from Gray's answer the allegations as to his appearing for others, and certain allegations asserted to be purely evidentiary, or conclusions of the pleader. Plaintiff also demurred to the answers of the church and Combs, on general grounds.

The demurrers of defendants were overruled, the motion to strike granted, and plaintiff's demurrers to the various answers sustained. No request for permission to amend was made; and on the motion of plaintiff judgment for plaintiff was then given on the pleadings, and an injunction issued which restrained the church, and defendants Combs and Gray "from carrying on or conducting a church or church functions or church services in or upon the premises described in plaintiff's complaint."

Gray alone appealed "from the judgment . . . and from each and every part thereof." Also after the judgment was entered he filed a notice of motion to recall, suspend or dissolve the injunction "in so far as it affects this defendant," which

said motion was denied by the trial court, though this was subsequent to the filing of appellant's notice of appeal, which avers appeal from the judgment alone.

 As grounds for reversal Gray asserts that the decree violates his rights under the First and Fourteenth Amendments, saying that the city ordinance has no application to the right of a person to pray or preach; that the language of the ordinance was not "intended to regulate when and where a man may pray"; that no standards as conditions for "granting or denying the right to worship" are fixed by the ordinance, but are left to the whim or caprice of the officials of the city; that no case can be found where it was sought to restrain religious worship on the ground that it was forbidden in residences; that the position of·the trial court was that before any question of right to worship could be considered the citizen must submit to the regulation, that is, must bow to the administrative officials of the city, and ask them for a permit; that regardless of a proper construction to be placed on the ordinances, though they unequivocally require a permit and forbid worship in the absence of such permit, appellant is not bound thereby, and is not required in any case to apply for such permit; that "counsel suggests, and the trial judge agrees, religion is not involved, only the question that before *any* defense can be made appellant must show that he has complied with ordinance in question by having applied for permission to pray on the property in question." (Italics added.) He asks for reversal of the judgment and dissolution of the injunction "which restricts his religious freedom."

Respondent's contentions in reply are that appellant did not exhaust his administrative remedy before resorting to the court for relief; and that the issues raised by appellant have become moot.

Regarding the latter contention it is set forth in respondent's brief that three days after the entry of judgment the defendant church applied to the planning commission for a use permit, which was granted. A certified copy of said permit is attached to the brief as an exhibit, and we are asked to take judicial notice of same as a public record (though no authority for such notice is cited).

Appellant replies to this contention by urging that the permit appears to have been issued on the application of E. J. Combs, though it recites that the church was the applicant; and he attaches to his reply brief an affidavit of one Alice Totten, purporting to be the clerk of the church, that at a

business meeting of the congregation of the church they voted 10 to 0 that "the church appeal the case immediately."

Neither the permit attached to respondent's brief nor the minutes of the meeting which are attached to appellant's answering brief is made a part of the record on appeal. They may, for that reason, if for no other that might be recited, be disregarded, particularly since we find no merit in the contentions of appellant Gray.

*Corporation of Presiding Bishop of the Church of Jesus Christ* v. *City of Porterville,* 90 Cal.App.2d 656 [203 P.2d 823], seems to be a complete answer to appellant's contentions. There a writ of mandate was sought to compel the issuance of a permit to erect a church upon premises owned by petitioners, which were situated in an area zoned for single family residences only. Plaintiff urged that the zoning ordinance was invalid as bearing no relation to the public health, safety, morals, or general welfare, and that its application resulted in a restriction of religious worship. The court held that such zoning ordinances constitute a justifiable exercise of police power, and that the exclusion therefrom of other structures is a legitimate exercise of such power. It said, page 661: "In enacting zoning ordinances, the municipality performs a legislative function and every intendment is in favor of the validity of such ordinances. (*Jardine* v. *City of Pasadena,* 199 Cal. 64, 72-73 [248 P. 225, 48 A.L.R. 509].) It is presumed that the enactment as a whole is justified under the police power and adapted to promote the public health, safety, morals, and general welfare. (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 460 [202 P.2d 38].)" And regarding the argument that the application of the ordinance to petitioner resulted in an unwarranted restriction of religious worship it said, at page 660: "The petitioner is not a congregation, but holds its property as a corporation sole, the existence of which depends upon the laws of the state. Having such right from the state, the enjoyment of the property is subject to reasonable regulations. The denial of a building permit did not prohibit anyone from religious worship and there is nothing in the record before us to indicate that the church building could not be erected if located in the area zoned for that purpose." Hearing in the California Supreme Court was denied and an appeal to the United States Supreme Court was dismissed.

It is also apparent that not only the church, but this appellant, too, failed to exhaust their administrative remedies.

The church and Combs are alleged by appellant to have appealed to the city council from the decision of the planning commission, but to have dismissed such appeal before decision. It does not appear that appellant ever even made application for a permit. *Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267 [148 P.2d 645], holds that such remedies must be exhausted before relief may be granted by the courts. At page 269 the court said: "A party aggrieved by the application of a statute or ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief. [Many citations.]" In that case appellants said, as does this appellant, that the doctrine of exhaustion of remedies does not require them to follow the procedure prescribed by an ordinance which they allege is void as to their property; but the court overruled that contention.

In conclusion it is to be noted that appellant Gray appears before us for himself alone, as a member of the congregation of the church. Appellant is not a member of the bar and has shown no authority to appear for anyone else; and while he states in his brief that the injunction restrains him from "conducting church services, or church functions, singing, praying, preaching, and worshipping God on the premises described," the injunction does not so state. It merely enjoins the defendants from "carrying on or conducting a church or church functions or church services" upon the premises involved, and there is no allegation that appellant has authority to do any of the things actually enjoined; the judgment in no sense enjoins or restrains appellant individually from singing, praying or worshiping God as and where he pleases.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.