[Crim. No. 879. Fourth Dist. Mar. 17, 1954.]

THE PEOPLE, Respondent, v. FRANK BUZZIE, Appellant.

Wayne M. Hamilton, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—Appeal from an order denying a petition for a writ of error *coram nobis*. The appellant was charged with burglary and, in a second count, with assault with intent to commit murder. An attorney was appointed to represent him. An amended information was filed adding charges of three prior convictions of burglary, one in this state and two in other states. When appellant denied the

priors his attorney was permitted to withdraw, and the court appointed another able and experienced attorney to represent him. Thereafter the appellant admitted the prior convictions. A jury found him guilty of burglary in the first degree and, on the second count, guilty of assault by means of force likely to produce great bodily injury. His motion for a new trial was denied, it was adjudged that he was not an habitual criminal, and he was sentenced to prison on each count, the sentences to run concurrently. Judgment was pronounced on January 23, 1951, and no notice of appeal was given.

On June 22, 1953, the appellant filed an application for a "writ of coram nobis" in the trial court. This appeal is from the order denying that application. After appellant had filed an opening brief, he requested this court to appoint counsel for him. Counsel thus appointed has filed an additional brief.

The appellant contends that the information filed against him was faulty in that the assault count did not clearly set forth the means by which the alleged crime was committed; that his trial was incompetently handled by his appointed counsel; that he was placed in double jeopardy in that the alleged assault was relied on as an element of both counts; that he was denied a speedy trial; and that he was fraudulently induced to admit the prior offenses in that he was told that if he admitted them they would not be referred to during the trial, whereas the district attorney brought it to the attention of the jury by asking him if he had ever been convicted of a felony.

All of these matters were known at the time, could have been raised upon an appeal, and none of them would justify the granting of the writ applied for. (*People* v. *Chapman*, 106 Cal.App.2d 51 [234 P.2d 716].) Moreover, as counsel for appellant apparently concedes, the facts relied on by the appellant in connection with these matters would not have supported these contentions had they been made upon an appeal.

Counsel for appellant contends, however, that where the time for appeal has elapsed and the defendant had reasonable grounds for believing that an appeal would be taken, the court should relax or extend the rules applicable to *coram nobis* proceedings and review the sufficiency of the evidence. In support of this contention counsel argues that he believes, based on his talks with the attorneys who tried the case, that the evidence with respect to the burglary count was insuffi-

cient to justify an inference of intended theft; that this appellant had reasonable grounds to believe that an appeal would be taken; and that the proposed extension of the rules applicable to this proceeding is supported by *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868], and *In re Byrnes,* 26 Cal.2d 824 [161 P.2d 376].

Neither of these cases involved a *coram nobis* proceeding. In the Slobodion case a motion to dismiss the appeal was denied on the ground that the delay in filing a notice of appeal was caused by the prison authorities, without fault on the part of the appellant. In the Byrnes case a timely appeal had been taken and, on habeas corpus, the defendant was afforded an opportunity to apply for relief from a default in the presentation of the record.

In support of the contention that the appellant had reasonable grounds to believe that an appeal would be taken for him, two affidavits are attached to counsel's brief. In his own affidavit counsel states that he found in the file of the attorney who represented the appellant at the trial a letter from that attorney to the appellant dated March 1, 1951, stating:

"Concerning the appeal, we would not be able to enter the same. I don't know whether there are other attorneys who would be willing to  prosecute such an appeal for you; however, the appointment made by the court covered only the trial of the action in the superior court."

The affidavit of the attorney who represented appellant at the trial states that he had one or two conferences with the appellant in which an appeal was mentioned; that he agreed to make a motion for a new trial, and did so; that he recalled no promise to prepare an appeal; and that, in his opinion, the appellant was thus confused and led to believe that the motion for a new trial would constitute the beginning of an appeal.

These affidavits were not presented in the trial court and are not a part of the record on this appeal. (*City of Chico* v. *First Ave. Baptist Church,* 108 Cal.App.2d 297 [238 P.2d 587]; *Acme Investment Corp.* v. *Thompson,* 216 Cal. 335 [14 P.2d 87].)     Had this been done they would hardly be sufficient to establish reasonable grounds for believing that an appeal had been taken; and time for taking an appeal cannot be thus extended. In any event, they are not sufficient to justify a review of the evidence in this proceed-

ing. ██ No extrinsic fraud is disclosed and the matters now relied on are not such facts as would have prevented the entry of a judgment had they been known at that time. (*People* v. *Cowen*, 118 Cal.App.2d 106 [257 P.2d 79].)

██ The purpose and limitations of a *coram nobis* proceeding are well established, and such a writ cannot be used as a substitute for an appeal.

A further consideration is that this writ was applied for some two and one-half years after judgment was entered, and no adequate excuse appears for the failure to use the diligence required of one seeking relief by this form of writ. (*People* v. *O'Connor*, 114 Cal.App.2d 723 [251 P.2d 64].)

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.