Van Voorhis, J.
(dissenting). The majority opinion states that it is a general rule that a party cannot, in the same proceeding, rely upon a statute or retain benefits thereunder and attack its constitutionality. It seems to me that petitioners are being upheld in doing that in this proceeding. The opinion says that the unconstitutionality of subdivision (2) of section 19 of the Brighton zoning ordinance is not being adjudged; in reality, as it seems to me, that is the basis for this decision. Subdivision (2) of section 19 of the ordinance, in form, permits the erection and use in Class A residential districts of “ Educational or Religious Building, Fire Station, Town Municipal Building, Police Station, Park and Park Buildings, if approved by the Planning Board.” (Italics supplied.) The planning board has denied approval. The evidence is ample to sustain the view that the proposed use will depreciate the value of real property and change the nature of the neighborhood, and create a traffic hazard at that location. The decisive question is whether those are standards of judgment which can govern the decision of the planning board. The truth is that the zoning ordinance lays down no standards of judgment and supplies no guides to decision in accordance with which the planning board shall act. For that reason, the constitutionality of this part of the ordinance is doubtful. Zoning ordinances are required to regulate the use of districts according to a comprehensive plan. It is not zoning when the ordinance is subject to amendment at will by some board whose action is not regulated and controlled by any prescribed principles of decision (Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189; Matter of Little v. Young, 299 N. Y. 699). As is mentioned in the majority opinion, an action for declaratory judgment is now pending undetermined in which the constitutionality of this provision in the Brighton zoning ordinance is at issue. But either this part of the ordinance is constitutional or it is not, and if we are to assume, as the majority opinion says that it does, that it is valid for the purposes of the proceeding *528 which is now before the court, that means that in this particular lawsuit the power of the Brighton planning board to deny its approval in proper cases is conceded. We cannot affirm and deny its power to act at the same time. The point seems to me to be that this appeal is in a proceeding with a limited objective, which is to compel approval by the planning board of this project by virtue of the same provision in the ordinance whose validity is attacked. If this subdivision (2) of section 19 of the ordinance is void, as it may be held to be in the pending declaratory judgment action, then it cannot supply authority to the planning board to grant the approval which petitioners are seeking to get from it in this proceeding. In asking for its approval, petitioners have necessarily conceded, for the purposes of this proceeding, that the planning board has power to act. If it had power to exercise discretion, then it had discretion to deny their application.
The majority opinion states, I am aware, that the planning board had some power to act, but acted arbitrarily and capriciously in denying approval to petitioners: in other words, that it abused its discretion as a matter of law. It is to be decided in the declaratory judgment action whether the planning board had power to act at all. If subdivision (2) of section 19 be held to be unconstitutional, the ordinance is to be read as though that subdivision were not contained in it. In that event, there could have been no abuse of discretion by the planning board, since it would have had no discretion to abuse. An abuse of discretion should not be confused with lack of power. If the planning board had discretion to exercise, I am unable to perceive how its discretion could have been abused in this instance. Upon the other hand, there is a substantial question, not now before the court, concerning whether this clause permitting religious and educational buildings subject to the approval of the planning board has validity. It is premature to decide that question now, as I believe that the court is doing. Under the majority view, it would hardly be possible for the planning board to deny approval of a religious or educational use in a Class A residential district upon any basis or upon any ground. If the board can do nothing but approve, that signifies that it. lacks discretion and that its power is nullified. That is equivalent to holding that the clause in the zoning ordinance purporting to empower it to act is void, which should await *529 decision in the declaratory judgment action in which the constitutionality is being tested. That is the customary method of procedure (Dowsey v. Village of Kensington, 257 N. Y. 221; Baddour v. City of Long Beach, 279 N. Y. 167; Matter of Holy Sepulchre Cemetery v. Board of Appeals of Town of Greece, 271 App. Div. 33).
The object in following that orderly procedure is more than merely formal. If the clause empowering the planning board to approve is unconstitutional, the whole of subdivision (2) of section 19 disappears from the ordinance. It cannot be held that the Brighton Town Board would have enacted this subdivision permitting religious, educational and other specified buildings without insisting upon approval by the planning board in the individual case. The rule has been accurately stated regarding the partial unconstitutionality of statutes that “ if the void portion was the inducement of the passage of the act or is so interwoven in the texture of the statute as to preclude the idea that the remainder of the statute can be of operative fitness to effectuate the will of the legislature, the whole statute is rendered of no effect ” (McKinney’s Cons. Laws of N. Y., Book 2, pt. 1, Constitutional Interpretation, § 48, citing People v. Mancuso, 255 N. Y. 463, 472-473; Hauser v. North British & Mercantile Ins. Co., 206 N. Y. 455, and many other cases to the same effect). Matter of Concordia Collegiate Inst. v. Miller (301 N. Y. 189, supra) and Matter of Little v. Young (299 N. Y. 699, supra) are in point in this regard. Those cases dealt with amendments to zoning ordinances. Both held the amendments to be wholly void, and enforced the ordinances as they had been prior to the amendments by directing the issuance of building permits. No building permit is applied for here.
It does not appear from this record that the Town of Brighton had any prior zoning ordinance containing a different provision respecting churches or schools in Class A residential districts. If subdivision (2) of section 19 were to be adjudged unconstitutional, the existing ordinance would stand without containing any valid clause upon that subject. In that event, the questions would be confronted whether it would be unconstitutional to prohibit the erection or use of churches and schools in this zoning district, and what comprises a constitutionally mandated religious or educational use. The courts of other States have had occasion to consider various phases of that subject (State ex rel. Synod *530 of Ohio v. Joseph, 139 Ohio St. 229; State ex rel. Hacharedi v. Baxter, 148 Ohio St. 221; Ellsworth v. Gercke, 62 Ariz. 198; City of Sherman v. Simms, 143 Tex. 115; cf. Ann. 138 A. L. R. 1287; Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. City of Porterville, 90 Cal. App. 2d 656; City of Chico v. First Ave. Baptist Church of Chico, 108 Cal. App. 2d 297). That important issue should not be decided inferentially and summarily in this article 78 proceeding.
The order appealed from should be affirmed, with costs.
Conway, Ch. J., Desmond, Dye, Fuld and Burke, JJ., concur with Froessel, J.; Van Voorhis, J., dissents and votes to affirm in an opinion.
Order of the Appellate Division and that of Special Term reversed, the determinations of the planning board, the board of appeals and the town board of Town of Brighton annulled, as of June 8, 1956, and the matter remitted to those bodies for further proceedings not inconsistent with the opinion herein.