[Crim. No. 6431.   Second Dist., Div. Two.   Apr. 7, 1959.]

THE PEOPLE, Respondent, v. ARTHUR SCHULZE,
Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David B. Allen, Deputy Attorney General, for Respondent.

ASHBURN, J.—Appellant Arthur Schulze and one Frank John Schutz (note the difference in spelling of surnames) were jointly tried and convicted of violation of section 288a, Penal

Code. A police officer observed them engaged in the forbidden act and immediately arrested both. A jury was waived and the cause submitted upon the transcript of the preliminary hearing. At its conclusion the court ruled: "Find each defendant guilty as charged." A probation report was ordered and at a later hearing the court announced that it had read that report, probation was denied and appellant was committed to the state prison for the term prescribed by law.

■ The argument of appellant's only brief is based upon this assertion: "Thereafter the Court reduced the charge as to Schutz to a violation of section 650½ of the Penal Code and fined him $100.00. As to Appellant the Court denied probation and sentenced him to the State Prison." There is no basis in the record for this statement. Shortly after the opening brief was filed appellant made a motion to augment the record so as to afford factual foundation for an argument that appellant was prejudiced by the alleged leniency shown his codefendant. Specifically, the motion sought inclusion in the instant record of part of the judgment with respect to a different defendant; "[t]o include therein the judgment of the trial court with respect to the defendant Frank John Schutz, and to include therein the oral proceedings in open court with reference to the pronouncement of said judgment against Frank John Schutz." The motion was opposed and denied. This leaves appellant with no substantial factual basis for his argument.

The transcript contains only a suggestion of the alleged fact. At the time of sentencing appellant's attorney made this assertion: "Your Honor will recall, in the co-defendant's case that matter was reduced to a lesser offense and then it was granted probation. I realize there is a difference between the two reports but——." The court interrupted, saying: "Certainly there is a difference in the reports and in the individuals." Amplifying this in the briefs was not permissible. ■ "Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs. [Citations.] The procedure to augment the record is set forth in rule 33(b), Rules on Appeal." (*People* v. *Hernandez*, 150 Cal.App.2d 398, 402 [309 P.2d 969].) ■ "Statements of counsel in briefs are not part of the record on appeal." (*Gantner* v. *Gantner*, 39 Cal.2d 272, 278 [246 P.2d 923].)

■ We add, by way of dictum, that the facts asserted by appellant, if established, would not spell prejudicial error with

respect to him. The punishment inflicted upon appellant was lawful. Legally it is of no consequence to him whether his codefendant received undeserved leniency or not.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.