[Crim. No. 7110. Second Dist., Div. Two. June 20, 1960.]

THE PEOPLE, Appellant, v. BRUCE JOSEPH SHAFFER, Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Ralph F. Bagley, Deputy District Attorneys, for Appellant.

Ivan E. Lawrence for Respondent.

RICHARDS, J. pro tem.*—Appeal by the People from an order granting a motion of defendant to set aside the information charging him with one count of unlawfully furnishing or giving marijuana to a minor, on the ground that he had been committed without reasonable or probable cause. (Pen. Code, § 995.)

In the information, defendant was accused of feloniously selling, furnishing, administering and giving to Joanne Kathleen Smith, a minor of the age of 17 years, a narcotic, to wit: marijuana, a violation of Health and Safety Code, section 11532.

The record before us discloses the following evidence was received at the preliminary hearing: Joanne Kathleen Smith testified that she was 17 years old; that she knew the defendant; that on or about November 7, 1959, she was at a drive-in and went with defendant for a drive in an automobile. That on that occasion defendant had a marijuana cigarette which he gave to her. It was rolled in brown paper, about half an inch shorter than a regular tobacco cigarette and "skinnier." It was twisted on the ends. She untwisted one end, "the part you take the smoke out of," and lighted it by holding a match to the capped end. It burned slower than an ordinary tobacco cigarette. After lighting the cigarette she gave it to defendant who "toked" on it, then defendant gave it back to her and she took a "toke" off of it and gave it back to him. To take

---

*Assigned by Chairman of Judicial Council.

a ''toke'' off of it is ''[l]ike taking a drag off a cigarette except you take air with it and hold it in your lungs . . . as long as you can. . . . You try to press it up into your head.'' She and defendant smoked the entire cigarette passing it back and forth between them. The effect that she got from this cigarette was ''[a]bout the same I always get.'' She had previously smoked marijuana cigarettes about 25 times. The effect she got from the cigarette was that her feet got heavy and her ''mouth gets dry''; her throat burns; her ''eyes get blood-shot and heavy—my lids get heavy.'' She got tired and hungry. The cigarette smelled different; it smelled the same as other marijuana cigarettes she had smelled.

It was stipulated that if called as a witness and sworn, Mary Smith would testify that she was Joanne Smith's mother and that Joanne was born November 25, 1942. It was stipulated, for the purposes of the preliminary hearing, that John A. Lestelle, a police officer of the city of Los Angeles, attached to the narcotics division, was an expert in the manner in which marijuana is commonly used in Los Angeles County. The officer testified that he had heard all of the testimony of Joanne and that in his opinion the substance so testified to as being smoked was marijuana; that he knew of no other type of cigarette or narcotic that could be smoked which would give all of the same effects that Joanne testified to as experiencing.

■■ Proof adduced at a preliminary hearing is sufficient if it establishes reasonable or probable cause and need not establish guilt. (*People* v. *Jackson,* 146 Cal.App.2d 553 [303 P.2d 767].) ■ Reasonable or probable cause means such a state of facts presented to the magistrate as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused. (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250] ; *Weber* v. *Superior Court,* 35 Cal.2d 68, 69 [216 P.2d 871].)

Defendant's contention that the testimony at the preliminary did not cause the judge hearing the motion to dismiss to entertain a strong suspicion of defendant's guilt, and that, therefore, the order granting the motion should be sustained, is not a tenable contention. ■ On a motion to set aside an information, the court hearing such motion may not substitute its judgment as to the weight of the evidence for that of the magistrate conducting the preliminary hearing. (*People* v. *Malki,* 181 Cal.App.2d 118, 121 [5 Cal.Rptr. 207] ; *People* v. *Jablon,* 153 Cal.App.2d 456, 459 [314 P.2d 824] ;

*People* v. *Bradley,* 152 Cal.App.2d 527, 535 [314 P.2d 108].)
 Nor may the court judge the credibility of the witnesses who testified at the preliminary hearing. (*People* v. *Bouchard,* 161 Cal.App.2d 302, 306 [326 P.2d 646] ; *People* v. *Jackson, supra,* p. 556.) Under section 995 of the Penal Code, the information will be set aside only where there is no evidence that a crime has been committed, or there is no evidence to connect the defendant with a crime shown to have been committed. (*Lorenson* v. *Superior Court,* 35 Cal.2d 49, 55-57 [216 P.2d 859] ; *People* v. *Platt,* 124 Cal.App.2d 123, 131 [268 P.2d 529].)

Health and Safety Code, section 11532 (added Stats. 1959, ch. 1112) provides, in pertinent part: ''Every person . . . who unlawfully sells, furnishes, administers, gives, . . . any marijuana to a minor, is guilty of a felony. . . .'' ''Furnish'' as defined in Webster's New International Dictionary, Second Edition, includes ''To provide; supply; give; afford; specif.: a. To supply (a person or thing with something).'' The word ''give'' is defined in the same dictionary as including: ''To deliver or transfer (to another something that is taken by him) ; to hand or hand over.'' A violation of said section 11532 is committed by the supplying to or handing over of marijuana to a minor. Although the marijuana cigarette which defendant supplied and handed over to the witness was not produced, the corpus delicti was adequately established that it was in fact marijuana from the testimony of the witness as shown by her knowledge of marijuana from previous use ; the appearance of the cigarette; the effect upon her of the smoking of the cigarette and the testimony of the police officer that the effects described by the witness were producible only by smoking a marijuana cigarette. (*People* v. *Winston,* 46 Cal.2d 151, 155-157 [293 P.2d 40].)

Applying the foregoing rules to the facts disclosed by the record, we are of the opinion that the evidence before the committing magistrate was sufficient to justify the order holding the defendant to answer and that the court erred in setting aside the information.

Defendant next contends that the motion made and granted by the court and from which order this appeal is taken, was not a motion to set aside the information under Penal Code, section 995, but was a motion to dismiss. This contention is not well taken. In the first place, the record before us fails to support such contention. It shows that upon being arraigned defendant made a ''Motion under 995 Penal Code'' and on the

date to which the hearing thereof was continued the record shows that the ''Motion under section 995 Penal Code is granted.'' A reporter's transcript of that hearing discloses that upon inquiry by the court as to the basis of the motion before it, the defendant's counsel replied: ''Insufficiency of the evidence presented at the preliminary, lack of probable or reasonable cause to hold this defendant for the charge.'' Secondly, although defendant fails to specify under what provision of the Penal Code he now contends the motion was made, we infer from his argument and citation of authorities that he contends that it was a motion to dismiss in furtherance of justice under Penal Code, section 1385.* The record does not support a contention that such a motion was made. In any event, it is clear from a reading of said section 1385 that it does not confer upon the defendant the privilege of moving to dismiss in the furtherance of justice. (*People* v. *Ellis,* 204 Cal. 39, 42 [266 P. 518].)

 Defendant next contends that irrespective of any motion, the court in fact did dismiss the action. This contention is predicated on two hypotheses: (1) the court's minutes, and (2) statements alleged to have been made by the judge who granted the motion at a subsequent proceeding wherein defendant's motion to correct the transcript was denied. The minute order made following the hearing of defendant's motion under Penal Code, section 995, reads in full, as follows: ''Motion under Section 995 Penal Code is granted. Cause is dismissed. Bail is exonerated.'' The record shows there cannot be attributed to the minute order the meaning for which defendant contends. According to the reporter's transcript before us, at the conclusion of the hearing on the motion, the judge ruled as follows: ''I am going to grant the motion. The motion will be granted. The defendant will be released.'' That record is devoid of any suggestion or reference to a dismissal in furtherance of justice at the time of the ruling on the motion under Penal Code, section 995. There is no magic in the word ''dismissed'' for it is not uncommon to refer to motions under said section 995 as ''motions to dismiss.'' (*People* v. *Garza,* 160 Cal.App.2d 538 [325 P.2d 200]; *People* v. *Cornette,* 158 Cal.App.2d 724, 725, 728 [322 P.2d 1001]; *People* v. *Bartlett,*

---

*Section 1385: ''The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.''

153 Cal.App.2d 574, 579 [314 P.2d 995].) We find no conflict between the clerk's minutes and the reporter's transcript.

However, assuming such conflict does exist, the question as to which of the two records is controlling is to be determined from a consideration of the circumstances under which the proceedings were had. (*People* v. *Hymes*, 161 Cal.App.2d 668, 674 [327 P.2d 219].) In the circumstances here disclosed, it is obvious that the reporter's transcript accurately reflects the only action of the court which was to grant the motion to set aside the information.

*People* v. *Valenti*, 49 Cal.2d 199 [316 P.2d 633], upon which defendant most heavily leans is readily distinguishable. In Valenti, in the midst of the trial before a jury, the judge announced that he was going to dismiss the action on the ground of "illegality of the arrest of the defendant." The court's minutes reflected that the order was one "dismissing said information on the grounds of illegality of the arrest of the defendant." The only question before the Supreme Court was the appealability of the order, and it was held that the order as made was not appealable under Penal Code, section 1238.

Additionally, defendant's contention that the minute order must be construed as an order of dismissal under Penal Code, section 1385, is untenable for the reason that said section requires that: " [t]he reasons of the dismissal must be set forth in an order entered upon the minutes." The minute order here involved is devoid of any statement of the "reasons of the dismissal."

The contention advanced by defendant that, because of certain remarks made by the judge at a subsequent hearing, the court had in fact dismissed the action in furtherance of justice, finds no support in the record. However, support thereof is attempted by an affidavit of counsel attached to his brief to the effect that at a hearing concerning the appeal transcript, two months following the hearing on the motion to set aside, the judge remarked that he had "dismissed this case in the interest of justice." This contention is likewise untenable for the following reasons: (1) Affidavits attached to an appeal brief which were not presented to the trial court are not part of the record on appeal (*People* v. *Buzzie*, 123 Cal.App.2d 915, 917 [267 P.2d 869] ; *City of Chico* v. *First Ave. Baptist Church*, 108 Cal.App.2d 297, 300-301 [238 P.2d 587]) ; (2) matters not presented by the record cannot be considered on the suggestion of counsel in the briefs

(*People* v. *Schulze,* 169 Cal.App.2d 430, 431 [337 P.2d 109];
*People* v. *Jablon,* 165 Cal.App.2d 348, 350 [331 P.2d 772]);
and (3) written or oral statements made by the trial judge
subsequent to the making of an order constitute no part of
the record on appeal and cannot be made a part thereof for
the purpose of impeaching the order so made (*Weisser* v.
*Southern Pacific Ry. Co.,* 148 Cal. 426, 428 [83 P. 439, 7 Ann.
Cas. 636]; *Whitney* v. *Northwestern Pac. R.R. Co.,* 39 Cal.
App. 139, 141 [178 P. 326]).

Defendant finally contends that he is prejudiced by an in-
complete transcript of the proceedings held at the hearing of
his motion to set aside the information. The contention that
the transcript is incomplete finds support only by counsel's
affidavit attached to his brief. The reporter's transcript was
settled and approved as corrected by the court after a hearing
of objections thereto. A transcript once settled and
approved cannot be impeached by charges contained in a brief
(*Newman* v. *Los Angeles Transit Lines,* 120 Cal.App.2d 685
[262 P.2d 95]), and this court cannot pass on the correctness
of a transcript certified by the judge as corrected. (*Estate of
Cesare,* 130 Cal.App.2d 557, 570-571 [279 P.2d 607].)

The order setting aside the information is reversed.

Fox, P. J., and Ashburn, J., concurred.