## The Church of Our Lord Jesus Christ, Inc. v. Lower Merion Township

Before Groshens, Honeyman and Smillie, JJ.

*Horace A. Davenport*, for appellant.

*Wright, Spencer, Manning & Sagendorph*, for appellee.

*Henderson, Wetherill & O'Hey*, for intervenors.

HONEYMAN, J., April 6, 1964.—Appellant, The Church of Our Lord Jesus Christ, Inc., appealed from the denial by the Board of Adjustment of Lower Merion Township of a special exception to use premises 261

North Latches Lane, Merion, Pennsylvania, for religious purposes. The property in question, with dwelling and garage thereon, is located in an R-1 residence district, wherein, by article VI, sec. 601(6), of the Lower Merion Township Zoning Ordinance of 1927, as amended, a religious use is permitted when authorized as a special exception. The appellant, which is a corporation organized and existing under the laws of the State of Rhode Island, was granted a certificate of authority to do business in the Commonwealth of Pennsylvania, with its registered office at 117 Walnut Street, Philadelphia, Pennsylvania. The first public hearing with regard to appellant's application was held on January 30, 1963. By order dated April 26, 1963, the Board denied appellant's application for a special exception, but, upon appellant's request, a second hearing was held on June 6, 1963. Thereafter, to wit, August 5, 1963, the board affirmed its previous order. The instant appeal was then brought before this court. . .

The second question to be determined by this court is whether the Zoning Board of Adjustment of Lower Merion Township was guilty of a manifest abuse of discretion or an error of law in denying appellant's application for a special exception: Imperial Asphalt Corporation of Pennsylvania Zoning Case, 359 Pa. 402, 407 (1948); Moyerman v. Glanzberg, 391 Pa. 387, 395-96 (1958); and Freed v. Power, 392 Pa. 195, 198 (1958). In making this determination, the decision of the board must be accorded great weight: Perelman v. Yeadon Borough of Adjustment, 144 Pa. Superior Ct. 5, 10 (1941), "and should be set aside only for substantial reasons": Jennings' Appeal, 330 Pa. 154, 159 (1938). Appellant has the burden of showing affirmatively that the board has acted erroneously: Cummer v. Narberth Borough Board of Adjustment, 59 D. & C. 686, 688 (1947); Ricca Appeal, 66 Montg. 32 (1949).

This court has made a careful review of the record in the instant case, and, after full consideration of the oral arguments and briefs submitted by the various parties, concludes that appellant has not met its burden of proving the board committed a flagrant or manifest abuse of discretion or error of law in denying its application. On the contrary, the board's findings and conclusions are supported by adequate evidence.

The primary witness for appellant at the two hearings held by the board was Manuel M. Cabral, chairman of the Board of Trustees of appellant's Philadelphia congregation. At the conclusion of the January hearing, the board felt the testimony given by witness Cabral was reluctant, incomplete, lacking in candor, evasive and contradictory, whereby the board was unable to form any conclusions concerning (1) the exact nature of appellant's organization; (2) the nature of the use to which it proposed to put the subject property; and (3) the effect of this use upon the general welfare of the inhabitants of the township.

After the June hearing, the board affirmed its original order on the basis that (1) appellant's activities extend far beyond the mere conduct of religious services, whereby their future use of the subject property would not be limited to "religious use", for which a special exception is authorized under the terms of the ordinance, and (2) the grant of said special exception would not be in accord with the general welfare of the township.

In support of the board's findings and conclusions, the record does show that activities conducted by appellant at some five properties in the Philadelphia area attributable to appellant are not limited to functions set forth in its certificate of authority, to wit, ". . . holding, and conducting religious services . . ." These other properties are the sites of various businesses and multiple-family dwellings, and in violation of the

Zoning Ordinance of Lower Merion Township, by admission of Manual M. Cabral, the subject premises was occupied at the time of the first hearing by a number of individuals who did not constitute a single-family unit. From these and other factors, the board deemed that appellant had demonstrated an intended use of the subject premises not in accord with the requested special exception, and that it would have no assurance that appellant's use of the subject property would, in fact, be limited to religious use. As stated in Krinks' Case, 128 Pa. Superior Ct. 405, 408 (1937):

"Factual questions which relate to the nature and use of premises are primarily within the province of the administrative officials and boards appointed to enforce the provisions of zoning laws. . . ."

Appellant has also failed to prove to the satisfaction of this court that the board's evaluation of the demeanor, testimony and lack of forthrightness on the part of appellant's principal witness, Manuel M. Cabral, is not supported by the record. Notwithstanding the fact that the board, having had witness Cabral before it, had a better opportunity to pass upon his credibility, we have reviewed the record and find it replete with Mr. Cabral's inconsistencies, evasiveness and contradictions.

At the first hearing held by the board, Mr. Cabral did not care to answer one of the board's essential inquiries, to wit, the number of members in appellant's organization, and contra to advice by appellant's then counsel that such was a proper question, did not disclose the exact number of members. Also at this hearing, Mr. Cabral led the board to believe that appellant was conducting its services at 2027 Spring Garden Street, Philadelphia, and that said premises were the site of its only house of worship in the Philadelphia area. When asked about present activities with regard to the subject premises, Cabral stated, "No, we don't

have anything in there right now." At the second board meeting in June, however, appellant's witnesses unequivocally established that religious services had been conducted at the subject premises regularly, in violation of the Lower Merion Zoning Ordinance, since settlement for the property in September 1962.

With respect to the 117 Walnut Street premises, Cabral testified that such was used for "administrative and publications . . ." At the second hearing, he further stated when asked to describe the nature of the use thereof, that such contained "offices basically", desks, a council table, and "men typist". It was subsequently disclosed, however, that the first floor of this building houses a beer distributing business, and the other floors are unused and undergoing rehabilitation.

With respect to the persons responsible for appellant's activities, Cabral testified that, ". . . many of the officers of our church have different homes in different cities. For instance, we are constantly on the move, so we don't have any——." Further, appellant's congregation can adopt any bylaw it desires.

The record also indicates some confusion with respect to when the Philadelphia congregation was formed, what its affiliation status is with other groups bearing the same name, location of the center or headquarters of this group, and ownership of realty attributed to this group, title to six properties being in some four different names.

Accordingly, the board was warranted in finding that appellant was engaged in activities totally unrelated to traditional religious purposes, that the subject property has been used for nonreligious purposes, and that appellant has acted in violation of the zoning ordinance of Lower Merion Township in several respects. Our Supreme Court in Blair v. Board of Adjustment, 403 Pa. 105, 106 (1961), stated:

"A special exception is issued for an exceptional

use which may be permitted within a particular district if the board of adjustment determines its availability. Such uses are made available as a *privilege*, not as of right assuming that the requisite facts and conditions detailed in the ordinance are found to exist. Eves v. Zoning Board of Adjustment, 401 Pa. 211, 220, 164 A. 2d 7 (1960)."

The only other contention of counsel for appellant that warrants mention herein is that the zoning ordinance of Lower Merion Township, as the board has applied it to the subject premises of the appellant, constitutes a violation of the First Amendment of the United States Constitution, in that it is tantamount to the passage of a law amounting to an interference with or prohibition of the free exercise of a religion. There is absolutely no merit to this contention. In Jehovah's Witnesses Appeal, 183 Pa. Superior Ct. 219 (1957), Judge Ervin said, at page 225: "Certainly freedom of worship does not mean that churches are exempt from reasonable police power regulations. Our Supreme Court in Kurman et al. v. Phila. Zoning Board, 351 Pa. 247, 40 A. 2d 381, determined that setback requirements are applicable to properties used for church purposes. The concepts of religious freedom, freedom of speech and the press which are embodied in the First Amendment have never been construed as absolute rights and beyond the power of reasonable regulation under the police power. Board of Zoning Appeals of Decatur v. Decatur, Ind. Co. of Jehovah's Witnesses, 117 N. E. 2d 115, 123. . ." An appeal from this decision to the United States Supreme Court was dismissed by reason of the fact that there was no substantial Federal question involved.

Zoning regulations preventing churches or religious organizations from locating in certain residential areas have been held valid and constitutional. The case of Corporation of Presiding Bishop v. City of Porterville,

90 Cal. App. 2d 656, 203 P. 2d 823 (1949), involved the contention of a particular church group that its rights under the First Amendment were violated by the zoning ordinance of the municipality therein involved which prevented the building of churches in certain residential areas. The decision of the District Court of Appeals, Fourth District of the State of California, which dismissed the appeal of the church group from the judgment of the lower court sustaining the action of the municipal officer involved in refusing a permit for the construction of a church in a prohibited area, was appealed to the United States Supreme Court. The United States Supreme Court at 338 U. S. 805, dismissed the appeal for want of a substantial federal question. The California appellate court said, at page 825 of the Pacific Reporter, as follows:

". . . (W)e conclude that since the city had power to zone the property herein affected, strictly for single family dwellings, there was no abuse of the power in prohibiting the erection and construction of church buildings therein. It is a matter of common knowledge that people in considerable numbers assemble in churches and that parking and traffic problems exist where crowds gather. This would be true particularly in areas limited to single family dwellings. There necessarily is an appreciable amount of noise connected with the conduct of church and 'youth activities.' These and many other factors may well enter into the determination of the legislative body in drawing the lines between districts, a determination primarily the province of the city."

We, therefore, conclude that the refusal of the special exception by the zoning board of adjustment did not violate the rights of the appellant church corporation as guaranteed under the First Amendment of the Constitution of the United States. Furthermore, the zoning ordinance of Lower Merion Township is not a

law abridging, prohibiting, or interfering with the free exercise of the religious practices and beliefs of the appellant church corporation.

Finding no manifest abuse of discretion or error of law in the board's determination that the requisite facts and conditions detailed in the zoning ordinance of Lower Merion Township have not been met in the instant case, the decision of the board must be affirmed.

*Order*

And now, April 6, 1964, the decision of the Zoning Board of Adjustment for Lower Merion Township is hereby affirmed.