[Crim. No. 34361. Second Dist., Div. Three. Dec. 26, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
CLARENCE DYAS, Defendant and Appellant.

## Counsel

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz, William R. Pounders, John R. Gorey and Dixie Moe, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**POTTER, Acting P. J.**—This appeal involves the validity of a prosecutor's determination of a defendant's ineligibility for diversion pursuant to Penal Code[1] section 1000, subdivision (a)(3),[2] based solely on suppressed evidence. We will conclude that evidence that has been ordered suppressed following a successful motion under section 1538.5 cannot support such a determination.

Defendant Clarence Dyas was accused of possession for sale of a controlled substance, methalphedadate (Health & Saf. Code, § 11378),

---

[1]Unless otherwise noted, all statutory references are to the Penal Code.

[2]Section 1000 provides in pertinent part: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and Safety Code,...and it appears to the district attorney that...all of the following apply to the defendant:

" . . . . . . . . . . . .

"(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

" . . . . . . . . . . . .

"(b) The district attorney shall review his file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) are applicable to the defendant. If the defendant is found ineligible, the district attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his attorney."

and possession of a controlled substance, phencyclidine (Health & Saf. Code, § 11377). Following defendant's successful motion to suppress the evidence of the methalphedadate pills, pursuant to section 1538.5, subdivision (i), the charge of possession for sale was dismissed. Defendant pled not guilty to the simple possession charge and requested diversion. The prosecutor filed a declaration, with supporting documents, that defendant was ineligible for diversion under section 1000, subdivision (a)(3), on the ground that the evidence (which had been suppressed) of defendant's possession for sale of the methalphedadate pills constituted "evidence of a narcotics offense (a violation of Health and Safety Code section 11378) not enumerated by the diversion statute...." The court thereafter found defendant guilty, fined him $200, and placed him on probation for three years. On appeal from his conviction, defendant challenges the prosecutorial determination of ineligibility for diversion.

*Suppressed Evidence Cannot Serve as the Basis for a Prosecutorial Determination of Ineligibility for Diversion Under Penal Code Section 1000, Subdivision (a)(3)*

The prosecutorial determination that an accused is ineligible for diversion is not a judicial act (*Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 73 [113 Cal.Rptr. 28, 520 P.2d 412]). That decision, however, "is subject to judicial review" on appeal from the conviction. (*Id.*, at p. 75.) The convicted defendant is entitled to a judicial determination of "the question whether there was 'evidence'...of his commission of other narcotics offenses within the meaning of subsection (3) of subdivision (a)" (*id.*, at p. 76), based upon the prosecutor's declaration of "the ground upon which that determination [of ineligibility] is based and the evidence in support thereof" (*id.*, at p. 76, fn. 6; see also § 1000, subd. (b)). Here, the prosecutor's declaration and supporting documents related solely to the evidence of defendant's alleged possession for sale of 700 methalphedadate tablets, the very evidence which had been ordered suppressed as a result of defendant's section 1538.5 motion. Such suppressed evidence cannot support the determination of ineligibility.

Subdivision (d) of section 1538.5 declares: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or *other hearing*" unless the People seek reconsideration of the

ruling by invoking other provisions of this section or by appeal. (Italics added.) No such reconsideration was sought here.

In *People v. Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473], our Supreme Court recently held that this statutory provision bars the use of evidence which has been ordered suppressed as a result of a successful pretrial motion under section 1538.5, in a sentencing proceeding. The unanimous court pointed out: "It cannot seriously be doubted that such a proceeding is a 'hearing' in every customary sense of the word, and the relevant statutes and rules repeatedly so describe it. [Fn. omitted.]" (*Id.*, at p. 883.)

Nor can it seriously be doubted that the judicial proceeding in this court to review the prosecutor's determination of ineligibility constitutes a hearing within the meaning of section 1538.5, subdivision (d). In exercising our jurisdiction, we "hear and determine" questions before us. (*C.P.R.R. Co. v. Placer Co.* (1872) 43 Cal. 365, 368.) The statutes and rules governing the exercise of the appellate court function customarily refer to it as "hearing" the appeal.[3] Our function in this instant appeal is typical; we must consider the evidence set forth in the prosecutor's declaration of ineligibility (*Sledge v. Superior Court, supra*, 11 Cal.3d at p. 76, fn. 6), hear oral argument (*People v. Brigham* (1979) 25 Cal.3d 283, 288 [157 Cal.Rptr. 905, 599 P.2d 100]), and determine whether to affirm or set aside the judgment (*Sledge v. Superior Court, supra*, 11 Cal.3d at p. 76; see also Pen. Code, § 1260).

Indeed, since the prosecutor's initial determination of diversion ineligibility is not an exercise of judicial power (*Sledge v. Superior Court, supra*, 11 Cal.3d at p. 72), the proceeding herein is the first and only judicial determination afforded defendant of the question whether he is excluded by section 1000, subdivision (a)(3), from eligibility for diversion.

---

[3]Thus, section 1258 provides that "[a]fter hearing the appeal, the Court must give judgment...." (Italics added.) (See also § 1254 on the number of counsel to "be heard on each side".) And the California Rules of Court repeatedly refer to "hearing" with respect to appellate proceedings. (See, e.g., rules 10(d) [transmission of exhibits upon notification of appeal set for "hearing"]; 21(c) [written notice to all parties that appeal set for "hearing"]; 19.5 [the use of "prehearing" conferences in civil cases]; 27 ["rehearing" in appellate court rendering decision]; 28 ["hearing" in Supreme Court]; 29 [grounds for "hearing" in Supreme Court]; 41(b) ["hearing" of motions in the appellate court]; 50 ["hearing" of People's appeal from superior court grant of habeas corpus relief]; 62(a) [transfer of case from superior court, appellate department to Court of Appeal "for hearing and decision"] \

■ Diversion would spare a defendant "the stigma of a criminal record." (*Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 157 [118 Cal.Rptr. 14, 529 P.2d 46].) A defendant, therefore, is condemned to suffer a grievous loss by a finding of ineligibility and, consequently, he must, at some point, be accorded the procedural protection of a hearing on this issue. (See *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 481 [33 L.Ed.2d 484, 494, 92 S.Ct. 2593].) This proceeding provides that hearing essential to due process.

The People's arguments to the contrary are unpersuasive. The fact that the prosecutor's inquiry in the initial screening process of determining diversion eligibility "need not be limited to information admissible at a full-fledged criminal trial" and may "include relevant hearsay information derived from investigations into criminal activity" (*Sledge* v. *Superior Court, supra*, 11 Cal.3d at p. 75) is unrelated to the question whether judicial review of that diversion decision is a "hearing" within the meaning of section 1538.5 requiring exclusion of illegally obtained evidence which has been ordered suppressed. ■ A court properly may rely upon hearsay evidence in a probation report at a sentencing hearing (*People* v. *Valdivia* (1960) 182 Cal.App.2d 145, 148 [5 Cal.Rptr. 832]) but cannot rely on evidence which has been suppressed (*People* v. *Belleci, supra*, 24 Cal.3d at p. 888).

Nor would it frustrate the purposes of either the diversion statute or section 1538.5 to exclude such suppressed evidence in this proceeding. The "overriding purpose" of the Legislature in enacting the diversion statute "was to facilitate its broader aim of conducting an unusually liberal experiment in rehabilitation by encouraging the broadest possible participation in the drug treatment programs." (*Morse* v. *Municipal Court, supra*, 13 Cal.3d at p. 158.) Both probation (which is granted at a sentencing hearing wherein suppressed evidence must be excluded) and diversion (which may "be viewed as a specialized form of probation") are "intended to offer a second chance to offenders who are minimally involved in crime and maximally motivated to reform...." (*People* v. *Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 66 [113 Cal.Rptr. 21, 520 P.2d 405].)

Furthermore, as our Supreme Court pointed out in *People* v. *Belleci, supra*, 24 Cal.3d at page 885: "[I]t *would* effectively nullify the statutory intent [of § 1538.5] if, after the defendant secured a court order suppressing such evidence and the People failed to seek appellate review, the prosecution were nevertheless allowed to use that same evidence against him in subsequent proceedings: although the legislation

is procedural in nature, its elaborate mechanism would obviously be superfluous if the result of invoking it were such a Pyrrhic victory."

We therefore hold that our judicial review of the prosecutor's determination of diversion ineligibility is a hearing within the meaning of section 1538.5. Our conclusion is required by the plain meaning of the language employed. (See *People* v. *Belleci, supra,* 24 Cal.3d at pp. 884, 886.)[4] "'Moreover, even if that language were reasonably susceptible of different interpretations, the construction more favorable to the defendant should be adopted.'" (*Id.,* at p. 886.)

It follows that the evidence relating to defendant's possession for sale of the tablets, which was suppressed on defendant's motion under subdivision (i) of section 1538.5, is rendered inadmissible in this hearing by the terms of subdivision (d) of this same statute, and must be stricken from the prosecutor's declaration of diversion ineligibility. (24 Cal.3d at p. 888.)

The declaration contains no other evidence to support the determination that defendant was ineligible. Consequently, "the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to divert the defendant under the remaining portions of the statute." (*Sledge* v. *Superior Court, supra,* 11 Cal.3d at p. 76.)

### Disposition

The judgment of conviction is set aside pending the further proceedings in the superior court and the cause is remanded to the superior court to exercise its discretion pursuant to Penal Code sections 1000.1 and 1000.2. If, as a result of the section 1000.2 hearing the superior court diverts defendant, it shall make its order vacating the judgment of conviction. If it denies diversion, it shall make its order continuing in effect the judgment of conviction, subject to defendant's right to have the denial of diversion reviewed on appeal.

Cobey, J., and Allport, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 13, 1980. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.

---

[4]The opinion in *Belleci* also disposes of the People's argument based on *In re Martinez* (1970) 1 Cal.3d 641 [83 Cal.Rptr. 382, 463 P.2d 734], and *People* v. *Hayko* (1970) 7 Cal.App.3d 604 [86 Cal.Rptr. 726]. (See 24 Cal.3d at pp. 887-888.)