[No. A024558. Sixth Dist. Jan. 2, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT COLLINS HAYES, Defendant and Appellant.

**COUNSEL**

Sheldon Portman, Public Defender, and Arthur Bocanegra, Deputy Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gloria F. DeHart and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**AGLIANO, J.**—Defendant was convicted, by his plea of guilty, of possession of cocaine in violation of Health and Safety Code section 11350. He contends, in this appeal, that the district attorney improperly determined him to be ineligible for diversion from prosecution.

We agree, and reverse the judgment of conviction on the ground that the district attorney's determination that the defendant is ineligible for diversion is not supported by evidence, as required by Penal Code section 1000,

subdivision (b), and *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412].

The procedural history of the case follows: A complaint was filed in the municipal court accusing the defendant of possession of cocaine, a felony. On February 16, 1983, prior to the preliminary hearing, the district attorney filed a declaration stating, in essence, that he had determined defendant to be ineligible for diversion based on evidence that defendant had engaged in "sales" of narcotics. Defendant was thereafter held to answer the charge in superior court where, on June 15, 1983, he applied for diversion. The superior court denied the defendant's application.[1] The defendant thereupon pled guilty, was granted probation, and then filed this appeal upon a certificate of probable cause. ■ An appeal may be taken by the defendant from a judgment of conviction upon a plea of guilty where the issue raised is the erroneous denial of diversion. (*People* v. *Padfield* (1982) 136 Cal.App.3d 218, 228 [185 Cal.Rptr. 903].)

Penal Code sections 1000 to 1000.4, enacted in 1972, authorize the courts to "divert" from the normal criminal process persons who are formally charged with certain drug offenses, have not yet gone to trial, and are found to be suitable for treatment and rehabilitation at the local level. (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59 [113 Cal.Rptr. 21, 520 P.2d 405].)

Penal Code section 1000[2] provides the eligibility requirements for diversion. These relate to the offense charged (Pen. Code, § 1000, subd. (a));

---

[1]The superior court relied on *Sledge* v. *Superior Court, supra,* 11 Cal.3d 70, for its ruling. *Sledge* provides for judicial review of the district attorney's determination of noneligibility only on appeal following conviction, as discussed below. (*Id.,* at pp. 75-76.)

[2]Penal Code section 1000 provides in part: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and Safety Code, . . . and it appears to the district attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged divertible offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he has been diverted pursuant to this chapter within five years prior to the alleged commission of the charged divertible offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged divertible offense. [¶] (b) The district attorney shall review his file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) are applicable to the defendant. If the defendant is found ineligible, the district attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his attorney."

the extent of defendant's involvement with narcotics or restricted dangerous drugs, aside from the charge; the involvement of any violence in the crime charged; and the defendant's prior criminal record. (Pen. Code, § 1000, subds. (a)(1)-(6).)

The statute imposes on the district attorney the duty to determine whether the eligibility requirements described in paragraphs (1) through (6) of section 1000, subdivision (a), are met in the case. This determination is made on the basis of information contained in the district attorney's file. (Pen. Code, § 1000, subd. (b).)

If the district attorney determines that the defendant may be eligible for diversion, the case is referred to the probation department to investigate the defendant's suitability, and the matter then proceeds to hearing before the court which makes the ultimate decision whether or not to divert the defendant from further criminal prosecution. (Pen. Code, §§ 1001.1-1001.2.)

On the other hand, if the criteria in subdivisions (1) through (6) of subdivision (a) are not met by the defendant and he is therefore found ineligible for diversion, the district attorney must "file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his attorney." (Pen. Code, § 1000, subd. (b).)

■ The declaration filed by the district attorney in the instant case stated that defendant was ineligible because there was *"evidence"* that he had committed a violation relating to narcotics or restricted dangerous drugs other than the simple possession of cocaine charged, and defendant therefore did not meet the requirement of Penal Code section 1000, subdivision (a)(3).

The "evidence" required by section 1000, subdivision (a)(3), it is settled, need be nothing more than information, in the form of reports or documents, in the possession of the district attorney or available to him. It "of course, means more than mere suspicion or rumor; it means, in this context, reports of actual instances of trafficking or other information showing that the defendant has probably committed narcotics offenses in addition to those listed in the statute." (*Sledge, supra,* 11 Cal.3d 70, 75.) As stated in *People* v. *Williamson* (1982) 137 Cal.App.3d 419, 422 [187 Cal.Rptr. 107]: "Subdivision (a)(3) authorizes the district attorney to perform a limited function, namely to determine whether there is 'evidence' permitting the inference that the defendant has committed a narcotic offense *other* than one listed in section 1000. This function does not involve the resolution of conflicting

inferences or the determination of credibility, the hallmarks of factfinding." (Italics in original.)

The defect in the district attorney's denial of diversion in this case is that while his declaration states the conclusion that the defendant was engaged in "sales," it fails to provide therein any evidentiary basis for this conclusion.

The declaration does not purport to incorporate by reference the evidence at the preliminary hearing herein, but even if it did, the evidence would be insufficient in this regard. That evidence merely shows that the defendant was caught with six small bindles in his possession. Apparently recognizing this insufficiency, the Attorney General in his brief contends that the police report discloses circumstantial evidence that defendant was arrested in the process of selling a seventh bindle of cocaine to another person. This report is not part of the record and we cannot consider it. (*People* v. *Schulze* (1959) 169 Cal.App.2d 430 [337 P.2d 109].)

■ The determination of the district attorney that a defendant is ineligible for diversion under Penal Code section 1000, subdivision (a)(3), is subject to judicial review. "A pretrial writ of mandate or prohibition will not lie, as the determination is purely preliminary and there is no indication the Legislature intended the prosecution to be interrupted for interlocutory review of this issue (compare Pen. Code, §§ 999a, 1538.5). [Fn. omitted.] But if the defendant goes to trial and is convicted, he may raise on appeal the question whether there was 'evidence,' as defined herein, of his commission of other narcotics offenses within the meaning of subsection (3) of subdivision (a) [fn. omitted]; if the defendant prevails, the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to divert the defendant under the remaining portions of the statute." (*Sledge, supra,* 11 Cal.3d at pp. 75-76.)

The Supreme Court, in *Sledge,* allocated the burden of providing a record by stating: "In order for this review to be effective, of course, an adequate record is necessary. Accordingly, at the time the district attorney determines the defendant is ineligible for diversion he should serve on the defendant and file with the court a declaration stating the ground upon which that determination is based *and the evidence in support thereof.*" (Italics added.) (*Id.,* at p. 76, fn. 6; see also *People* v. *Williamson, supra,* 137 Cal.App.3d 419, 422, fn. 3.)

The district attorney's burden to supply a record of the evidence was observed in *People* v. *Dyas* (1979) 100 Cal.App.3d 464 [161 Cal.Rptr. 39]. There, the declaration determining ineligibility of the defendant properly

described the underlying evidence. However, when such evidence was later ordered suppressed in a Penal Code section 1538.5 proceeding, the district attorney's declaration was left without supporting evidence and the denial of diversion was reversed. Pertinent to our inquiry, the court in *Dyas* stated: "Our function in this instant appeal is typical; we must consider the evidence set forth in the prosecutor's declaration of ineligibility (*Sledge* v. *Superior Court, supra,* 11 Cal.3d at p. 76, fn. 6), hear oral argument [citation], and determine whether to affirm or set aside the judgment (*Sledge* v. *Superior Court, supra,* 11 Cal.3d at p. 76; see also Pen. Code, § 1260). [¶] Indeed, since the prosecutor's initial determination of diversion ineligibility is not an exercise of judicial power (*Sledge* v. *Superior Court, supra,* 11 Cal.3d at p. 72), the proceeding herein is the first and only judicial determination afforded defendant of the question whether he is excluded by section 1000, subdivision (a)(3), from eligibility for diversion." (*Dyas, supra,* 100 Cal.App.3d at p. 468.)

Since the district attorney's determination lacks the requisite evidence, the judgment will be reversed and the matter remanded to the trial court where the defendant shall be permitted to withdraw his plea of guilty and reenter his plea of not guilty.

The district attorney is not precluded, upon remand, from pursuing a proper determination of ineligibility as to the defendant. If the district attorney does not determine the defendant to be ineligible, he should follow the procedure provided in Penal Code section 1000.1 and the trial court may "exercise its discretion to divert the defendant under the remaining portions of the statute." (*Sledge, supra,* 11 Cal.3d at p. 76.)

The judgment is reversed and the matter remanded.

Panelli, P. J., and Brauer, J., concurred.