[No. A034858. First Dist., Div. Two. Nov. 23, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
EBARISTO RODRIGUES FLORES, Defendant and Appellant.

COUNSEL

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Margo J. Yu, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

McCARTY, J.*—

### STATEMENT OF THE CASE

Defendant Ebaristo Flores appeals from a judgment (order placing him on probation) following his conviction, based upon his plea of guilty, of possession of heroin in violation of Health and Safety Code section 11350.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

## PROCEDURAL HISTORY AND FACTS

On December 2, 1983, defendant Flores and three other individuals were arrested for possession of heroin and possession of heroin for sale, following the search of a Eureka motel room conducted by the Humboldt County Drug Task Force pursuant to a search warrant. Defendant Flores and one of the other individuals arrested, one Jesus Martinez, were Mexican field workers who were illegally in the United States. Defendant and Martinez were booked into the Humboldt County Jail on the day of their arrest, but shortly thereafter a member of the Drug Task Force notified the Immigration and Naturalization Service (INS) that they were illegal residents. On December 14, 1983, the Humboldt County Sheriff's Department delivered both men to the INS, and both men were thereafter deported to Mexico. No criminal charges were filed against defendant until December 20, 1983, after he had already been deported. A warrant for defendant's arrest was issued on December 22, 1983. No criminal charges were ever filed against Martinez.

Defendant subsequently reentered the United States, and on August 5, 1985, over one year and seven months after the issuance of the December 1983 arrest warrant, he was arrested in Eureka based on that warrant. Officer Manos of the Eureka Police Department, who made the arrest, testified at the preliminary hearing that he saw defendant riding in a taxicab in Eureka, knew that there was an outstanding 1983 warrant for defendant's arrest and recognized him from police photographs that he had seen. After Officer Manos had arrested defendant, he placed him in the custody of Officer Rhonda Soderberg, also of the Eureka Police Department. Officer Soderberg testified that immediately before placing defendant in her patrol car, she carefully searched the back seat of that vehicle, pulled the back seat forward and checked underneath it. According to Officer Soderberg, just before defendant got into the back seat of the patrol car, he moved his hand toward his right front pocket. Soderberg drove defendant to the Humboldt County Jail, removed him from the patrol car, locked the car and then took defendant into the jail to be booked. Soderberg then conducted another search of her patrol car and found two foil bindles underneath the left side of the rear seat where defendant had been sitting. The bindles contained a brown substance that was later tested and found to be heroin.

Prior to the preliminary hearing, defendant filed a motion to dismiss the charges arising from his December 1983 arrest, asserting that (1) a material witness (Martinez) had become unavailable due to state action, and (2) defendant had been deprived of a speedy trial on those charges because he was given no notice of them prior to his 1983 deportation. The municipal court denied the motion, and defendant then filed in the superior court a

petition for a writ of mandate or prohibition compelling the municipal court to dismiss those charges on the same grounds raised in the municipal court. The superior court found that defendant had in fact been deprived of a material witness due to state action and granted a writ restraining the municipal court from proceeding further on the complaint based upon the charges arising from defendant's December 1983 arrest. On November 26, 1985, the prosecution dismissed the complaint based upon those charges.

Defendant had in the meantime been charged with possession of heroin, in violation of Health & Safety Code section 11350, based upon the two bindles found in the patrol car following his arrest on August 5, 1985. Defendant moved for diversion, pursuant to Penal Code section 1000, and the prosecutor responded by filing a statement that defendant was ineligible for diversion, pursuant to subdivision (a)(3) of that statute, because there was "evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision." The evidence in question consisted entirely of the police report and certain other documents pertaining to defendant's December 1983 arrest. On December 2, 1985, defendant's motion for diversion was heard by the municipal court and denied. Defendant then filed a petition in the superior court for a writ of mandate or prohibition commanding the municipal court to reverse its order finding defendant ineligible for diversion. On December 23, 1985, the superior court denied the petition, ruling that a pretrial writ of mandate or prohibition would not lie to review a decision denying diversion.

On January 8, 1986, defendant's preliminary hearing took place, and he was held to answer on the charge that he had illegally possessed heroin on August 5, 1985. On January 22, 1986, the prosecution filed an information charging defendant with that offense. On January 27, 1986, defendant filed a motion to dismiss the information, pursuant to Penal Code section 995, again arguing that he had improperly been denied diversion. The court denied the motion by order of February 26, 1986.

At a hearing held on March 10, 1986, defendant withdrew his plea of not guilty and pleaded guilty to the charge of possession of heroin. During the course of that hearing, defense counsel stated that he had told defendant that he would take an appeal on the diversion issue and that he would be preparing the appropriate papers and would apply for a certificate of probable cause. The prosecutor indicated that he had no objection to such an appeal, and the trial court stated, "I have indicated to both counsel that I would sign such a certificate if presented." The trial court suspended the execution of sentence and placed defendant on probation for a period of two years subject to certain specified conditions, one of which was that defendant would not remain in or reenter the United States unlawfully.

On April 25, 1986, defendant filed a notice of appeal from the judgment (order placing him on probation), a designation of the record on appeal and a statement to the effect that the ground for his appeal was that he had improperly been denied diversion. The record on appeal was thereafter certified by the county clerk.

I.

 Defendant's first contention is that his appeal is valid, despite defense counsel's failure to apply for and obtain a certificate of probable cause, because the appeal was in effect certified when the trial court agreed in open court to sign a certificate of probable cause and the court clerk thereafter certified the record on appeal. We agree.

 In *People* v. *Holland* (1978) 23 Cal.3d 77, 83-84 [151 Cal.Rptr. 625, 588 P.2d 765], the California Supreme Court first pointed out that in order to appeal from a judgment of conviction based upon a plea of guilty, a defendant must ordinarily comply with Penal Code section 1237.5 and the failure of the trial court to issue a certificate of probable cause therefore precludes appellate review. The court then went on to state, "However, if the trial court has, by its statements or conduct, in effect certified the appeal, appellate review is proper." (*Holland, supra,* at p. 84.)

In the subsequent case of *People* v. *Padfield* (1982) 136 Cal.App.3d 218 [185 Cal.Rptr. 903], the appellate court applied the *Holland* reasoning in a situation almost identical to that now before us. The defendant in *Padfield* had unsuccessfully moved for diversion in the trial court and had then entered a plea of nolo contendere, which, like a plea of guilty, conditions the right to appeal upon the issuance of a certificate of probable cause in compliance with Penal Code section 1237.5. (*Id.,* at pp. 223-224.) The defendant indicated in the trial court that he wished to raise the diversion issue on appeal, and the trial judge stated that although he did not believe that the issue in question was cognizable on appeal following a plea of nolo contendere, he would do nothing to hinder the defendant's attempt to seek appellate review of the issue. (*Id.,* at pp. 223-224.) The defendant never did obtain a certificate of probable cause. (*Id.,* at p. 224, fn. 5.) However, the appellate court, following *Holland,* reached this conclusion: "The [trial] court stated: 'All I've said is I will not stand in the way, I will make it clear to the Appellate Court that I would sign a certificate of probable cause . . . .' By its statements the lower court in effect certified this appeal. The clerk has prepared the record and we deem it appropriate to grant review." (*Padfield, supra,* at p. 224, fn. 5.) The *Padfield* case seems indistinguishable from the instant case where the trial court, as above noted, also indicated to both counsel that it would sign such a certificate if presented.

The Attorney General readily concedes that an erroneous denial of diversion is an argument that can be raised on appeal from a judgment of conviction based upon a guilty plea. However, the Attorney General does make some attempt to challenge the validity of defendant's appeal, arguing that the *Padfield* case was wrongly decided and misapplied the holding in the *Holland* case to a distinguishable procedural situation. In addition, the Attorney General asserts that the original record on appeal, as certified by the court clerk, in no way indicates that the trial court authorized defendant to raise the diversion issue because the records pertaining to the diversion issue were only added to the record pursuant to a motion to augment made six months after the filing of defendant's notice of appeal. We find neither argument persuasive.

Insofar as the Attorney General claims that the *Padfield* holding constitutes an unwarranted extension of the rule espoused in *Holland,* the People have been unable to cite any case agreeing with their characterization of the *Padfield* case, which we view as entirely consistent with the *Holland* rationale. As for the Attorney General's assertion that the documents necessary for appellate review of the diversion issue were only added to the record when defendant moved for augmentation six months after filing his notice of appeal, the Attorney General is in error. To cite but a few examples, the clerk's transcript, as originally certified for inclusion in the record on appeal, contained defendant's motion for diversion, the prosecutor's points and authorities in opposition to that motion, defendant's motion to dismiss based upon the allegedly improper denial of diversion, the prosecutor's points and authorities in opposition to the motion to dismiss and the superior court's ruling on that motion.

We therefore conclude that defendant's appeal is properly before this court and that he is entitled to argue that his motion for diversion was improperly denied.

## II.

Penal Code section 1000, subdivision (a)(3), provides that one of the preconditions to eligibility for diversion is that there is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. Defendant points out that the prosecutor's determination that defendant was ineligible for diversion under this subdivision of section 1000 was based solely upon documents pertaining to defendant's December 1983 arrest. Defendant concedes that the documents in question provided evidence that defendant and three other individuals were arrested in a motel room, that defendant himself was found to have nine balloons of heroin in his left front pants pocket at the time and

that this evidence resulted in his being charged with both possession of heroin and possession of heroin for sale. Although defendant also tacitly concedes that the latter offense is the type of offense that would render an individual ineligible for diversion under subdivision (a)(3) of Penal Code section 1000, he takes the position, based upon *People v. Hayes* (1985) 163 Cal.App.3d 371, 375 [209 Cal.Rptr. 441], that the mere fact that he was in possession of nine balloons of heroin was insufficient in itself to establish that he possessed that heroin for sale. Defendant also relies upon *Sledge v. Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412], and *Loder v. Municipal Court* (1976) 17 Cal.3d 859 [132 Cal.Rptr. 164, 553 P.2d 624], for the proposition that Penal Code section 1000, subdivision (a)(3), renders an individual ineligible for diversion only if there is evidence of at least *two* prior instances in which that individual·was involved in drug offenses more serious than simple possession.

We find *People v. Hayes, supra,* 163 Cal.App.3d 371, readily distinguishable from the instant case. In *Hayes,* the appellate court first observed that the prosecutor's decision that a defendant was ineligible for diversion based upon his involvement in narcotics sales in the past, needed to consist only of information, in the form of reports or documents available to the district attorney, that amounted to more than mere suspicion and rumor. (*Id.,* at p. 374.) The court then went on to point out that the totality of the prosecutor's evidence that the defendant had previously engaged in cocaine sales consisted of evidence "that the defendant was caught with six small bindles in his possession." (*Id.,* at p. 375.) The appellate court found this evidence legally insufficient to justify the prosecutor's decision to deny diversion, but took pains to point out that certain alleged circumstantial evidence that the defendant was arrested while in the process of selling a seventh bindle of cocaine had never been made a part of the record and thus could not be considered by the court. (*Ibid.*) The court reversed the judgment due to the lack of evidence that the defendant was ineligible for diversion, but did state that upon remand, the prosecutor was not precluded from "pursuing a proper determination of ineligibility as to the defendant." (*Id.,* at p. 376.) It may reasonably be inferred that such a determination could properly be made if the prosecutor added to his diversion statement the additional evidence showing that the defendant was involved in an actual sale of cocaine when arrested.

In the instant case, defendant deduces from the *Hayes* case that if possession of six small bindles of cocaine is insufficient evidence from which to infer that an individual was engaged in selling cocaine, then defendant's possession of nine balloons of heroin suffers from the same deficiency. However, defendant has conveniently chosen to overlook various other items of evidence upon which the prosecutor in the instant case based his

determination that defendant was ineligible for diversion. First of all, the 1983 case report indicates that defendant was not in possession of six "small" bindles of a narcotic substance, but was in possession of nine balloons of heroin with a gross field weight of 15.5 grams. Substantial quantities of lactose, presumably for diluting the heroin, were also found in the motel room where defendant was arrested, along with a syringe, four plastic sifters with powder residue and one metal funnel. One of the other three individuals arrested along with defendant told one of the narcotics agents that "they were selling the ballons [sic] for $80.00 to $125.00 each . . . ." Finally, a wallet found in defendant's rear pocket contained $467 in United States currency. Unlike the situation in the Hayes case, we find this evidence more than sufficient to justify the prosecutor's determination that defendant's participation in heroin sales rendered him ineligible for diversion under Penal Code section 1000, subdivision (a)(3).

Defendant's reliance upon Sledge v. Superior Court, supra, 11 Cal.3d 70, and Loder v. Municipal Court, supra, 17 Cal.3d 859, as authority for the proposition that there must be evidence that an individual applying for diversion had participated in at least two prior serious narcotics offenses in order to be found ineligible under subdivision (a)(3) of Penal Code section 1000, is likewise misplaced. Defendant points only to isolated language in both opinions referring to such evidence in the plural form: in Sledge, the court's reference to "reports of actual instances of trafficking or other information showing that the defendant has probably committed narcotics offenses" (11 Cal.3d at p. 75, italics supplied); and in Loder, the court's reference to prior "narcotics offenses . . . ." (17 Cal.3d at p. 866, italics supplied). Neither case is of any real benefit to defendant. In Sledge, the court's plural reference to instances of trafficking and prior narcotic offenses is most likely attributable to the fact that the information in the prosecutor's files indicated that the defendant had in fact been involved in numerous drugs sales. (11 Cal.3d at p. 75, fn. 4.) Loder was not a diversion case, and the language upon which defendant relies can only be characterized as dicta.

■ We agree with the Attorney General that where the language of a statute is clear and unambiguous, there is no need for judicial construction and the courts should not indulge in it. (People v. Belleci (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].) ■ Penal Code section 1000, subdivision (a)(3), clearly and unambiguously states that a defendant is ineligible for diversion if there is evidence of "a violation" of a particular type, such as sale of heroin. Defendant has been unable to cite any case holding that evidence of one prior offense of this type is an insufficient basis for a prosecutor's determination that a defendant is ineligible for diversion under the provision in question, and in People v. Cina (1974) 41 Cal.App.3d

136, 138-139 [115 Cal.Rptr. 758], it was held that evidence that the defend-ant had previously committed the single offense of cultivation of marijuana (consisting of growing three plants in his back yard) justified the prosecu-tor's determination that the defendant was ineligible for diversion and that the trial court had erred in overruling the prosecutor and granting diver-sion.

### III.

Defendant next correctly points out that the superior court granted his petition for a writ prohibiting the municipal court from proceeding further on the charges arising out of his December 1983 arrest and that the court based this decision primarily upon the fact that a material witness to the 1983 incident resulting in those charges, one Martinez, had become unavailable due to the state's conduct in permitting him to be deported to Mexico. Defendant reasons that "If due process requires that the 1983 charges be dismissed, due process also requires that the district attorney not use the charges to deny [defendant] diversion." The heart of his argument is that the basis for the rule prohibiting prosecution in a case where the state has caused a material witness to become unavailable is that the absence of that witness may well deprive a defendant of the opportunity to present material evidence which might prove his innocence. (*People* v. *Mejia* (1976) 57 Cal.App.3d 574, 579 [129 Cal.Rptr. 192].) Defendant reasons that if the state's conduct in depriving him of a material witness made it fundamental-ly unfair to try him on the 1983 charges, then it would be equally unfair to use evidence that pertained to those charges, which defendant never had the opportunity to challenge in court, as the sole basis for denying him diver-sion on the 1985 charge. In support of this argument, defendant relies upon *People* v. *Dyas* (1979) 100 Cal.App.3d 464, 467-470 [161 Cal.Rptr. 39], where it was held that a prosecutor's determination that a defendant was ineligible for diversion could not be based upon evidence that had been suppressed pursuant to Penal Code section 1538.5. Defendant contends that the same reasoning should apply to evidence pertaining to charges that were ordered dismissed due to the lack of a material witness, even though the evidence in question was never suppressed.

Defendant's argument, although persuasively presented, is untenable. It is evident that the real basis for the *Dyas* decision was subdivision (d) of section 1538.5, which provides that when a search and seizure motion is granted pursuant to that statute, " 'the property or evidence shall not be admissible against the movant at any trial or *other hearing'* unless the People seek reconsideration of the ruling by invoking other provisions of this section or by appeal." (*People* v. *Dyas, supra,* 100 Cal.App.3d 464, 467-468.) The *Dyas* court pointed out that since the only "hearing" available to

a defendant to challenge the prosecutor's determination of ineligibility for diversion was that held in the appellate court on appeal from the judgment of conviction, the appellate court was bound in such a situation to hold that the prosecutor's determination of ineligibility for diversion was invalid if based solely upon evidence that had been ordered suppressed. (*People* v. *Dyas, supra,* 100 Cal.App.3d at p. 468; *People* v. *Hayes, supra,* 163 Cal.App.3d 371, 375-376.)

The instant case is readily distinguishable, since the evidence pertaining to defendant's 1983 arrest was never suppressed and there is therefore no statute precluding its use at any subsequent hearing. In any event, as the Attorney General correctly points out, *Dyas* was a case decided prior to the passage of Proposition 8, which abrogated California's independent exclusionary rule (*In re Lance W.* (1985) 37 Cal.3d 873, 879 [210 Cal.Rptr. 631, 694 P.2d 744]), and it has since been held that illegally seized and previously suppressed evidence may be used in sentencing proceedings. (*People* v. *Brewster* (1986) 184 Cal.App.3d 921, 928-929 [229 Cal.Rptr. 352].) ▆ It has also long been the rule in this state that hearsay evidence may be considered at a probation hearing because the purpose of that hearing is not to decide the defendant's guilt or innocence and Penal Code section 1203 contemplates the inclusion of hearsay in a probation officer's report. (*People* v. *Valdivia* (1960) 182 Cal.App.2d 145, 148 [5 Cal.Rptr. 832].)

▆▆ In this instance, we are dealing with a diversion statute that empowers the prosecutor to base a determination of ineligibility upon "evidence" of a prior specific type of narcotics violation. (Pen. Code, § 1000, subd. (a)(3).) There is no requirement in the statutory provision that the "evidence" resulted in a prior conviction or that it even resulted in the defendant's having been charged with an offense of any kind. As pointed out by the California Supreme Court in *Sledge* v. *Superior Court, supra,* 11 Cal.3d 70, 75, the type of evidence contemplated by that statutory provision "means more than mere suspicion or rumor; it means, in this context, reports of actual instances of trafficking or other information showing that the defendant has probably committed narcotics offenses in addition to those listed in the statute." (To the same effect, see *People* v. *Hayes, supra,* 163 Cal.App.3d 371, 374.) In making his determination of eligibility for diversion, the district attorney is specifically required by statute to "review his file." (Pen. Code, § 1000, subd. (b).) This is precisely the procedure followed in the instant case, and we fail to see any reason why the prosecutor should have been precluded from considering evidence merely because it pertained to prior charges for which defendant could not be prosecuted due to reasons totally irrelevant to the present charge and the diversion proceeding here under review.

## IV.

■ Defendant's final contention on appeal is that the trial court erred in failing to review on the merits defendant's writ petition or his motion for dismissal under Penal Code section 995, both of which challenged the prosecutor's determination that defendant was ineligible for diversion. Defendant concedes that a prosecutor's decision to deny diversion is ordinarily not subject to pretrial writ review and may only be raised on appeal following a judgment of conviction. (*Sledge* v. *Superior Court, supra,* 11 Cal.3d 70, 75-76.) However, defendant contends that an exception should be made in a situation where there is a pressing need for a prompt resolution of the diversion issue, and that the *Sledge* decision contains language to that effect. (11 Cal.3d at pp. 75-76, fn. 5.) Defendant contends that the instant case called for such a prompt resolution of the diversion issue because he was subject to immediate deportation if he was not granted diversion.

This argument is wholly without merit. First of all, the *Sledge* court spoke only in terms of an exception applicable in a situation where there is a pressing need for the prompt resolution of a constitutional challenge to a new statutory program by an appellate court. We are not here confronted with a constitutional challenge to a new statutory program.

Moreover, defendant's present claim that the imminence of deportation called for immediate relief in the trial court was never raised either in his section 995 motion or in his writ petition. Finally, we note that the trial court *did* rule on the merits of defendant's section 995 motion to dismiss and concluded, as have we, that the prosecutor's determination that defendant was ineligible for diversion was entirely proper and based upon evidence that he was expressly authorized by statute to consider.

### DISPOSITION

The judgment (order placing defendant on probation) is affirmed.

Kline, P. J., and Benson, J., concurred.