Filed 6/17/15  P. v. Carrillo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LARRY CARRILLO, JR.,<br><br>    Defendant and Appellant. | B257835<br><br>(Los Angeles County<br>Super. Ct. No. MA063341) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Reversed and remanded with directions.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerard A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Larry Carrillo, Jr. appeals from a judgment and sentence, following his plea to possession of methamphetamine. He contends the trial court abused its discretion when it denied his request to consider him for the deferred entry of judgment program (DEJ), Penal Code section 1000 et seq.[1] For the following reasons, we reverse and remand with directions to the trial court to exercise its discretion and consider Carrillo's suitability for DEJ.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

On June 20, 2014, appellant was charged in a felony complaint with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 1), and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)(1); count 2). Later that same day, appellant pled guilty to possession of methamphetamine (count 1) pursuant to Proposition 36, section 1210 et seq.

After the court (Judge Steven D. Ogden) accepted the plea, defense counsel asked the court to reduce the charge to a misdemeanor because appellant had only one prior conviction. The court replied, "I don't reduce Prop. 36's to misdemeanors. DEJ yes, not Prop. 36." Counsel stated, "There would be an affidavit." The court then said, "Fine. It will go to [Department] A20." After defense counsel noted that appellant had "a favorable [Own Recognizance] O.R. report," the court released appellant on his own recognizance and continued the matter to July 1 in Department A20.

---

[1] Unless otherwise stated, all further statutory citations are to the Penal Code.

[2] Because appellant does not challenge his underlying conviction, we omit the facts relating to it.

2

At the July 1 sentencing hearing, defense counsel (Deputy Public Defender Christopher Sharpe) informed the court (Judge Charles A. Chung) that appellant was eligible for DEJ.  The prosecution objected to sentencing pursuant to DEJ, arguing that the plea was a negotiated disposition.  The matter was continued to July 16 for sentencing.

At the July 16 sentencing hearing, appellant was represented by a new deputy public defender.  No mention was made of sentencing under DEJ.  The court (Judge Chung) suspended the imposition of sentence and placed appellant on formal probation for three years under Proposition 36.  It dismissed count 2 of the complaint pursuant to section 1385.

On July 25, Judge Chung held a hearing on appellant's original request to be sentenced pursuant to DEJ.  At the hearing, appellant was represented by his prior counsel, Mr. Sharpe.  The court summarized the record as follows:  "Mr. Carrillo took a deal to Prop. 36.  He came back and was sentenced on Prop. 36.  And that was my error, Mr. Sharpe, and I apologize for that because you had given me a heads up that you wanted him on D.E.J.  And I had another attorney stand in [on July 16] and I completely forgot and that is why he is back here today."  Defense counsel (Sharpe) then argued that appellant was entitled to DEJ because he satisfied all the criteria.  The prosecutor responded that the People were not disputing appellant's eligibility for DEJ, but rather his suitability.

The trial court indicated that it was not inclined to grant appellant DEJ: "I'm not sure what was going on in terms of whether they offered [appellant] D.E.J. or not.  They certainly talked about it.  But ultimately the defendant signed on to the Prop. 36 program.  As soon as he took the deal, the judge went ahead and released him based on the favorable O.R. report, and in my mind because he also took advantage of the Prop. 36 program.  So because he benefited from the Prop.

36, because that's what he understood he was taking and that's what he wanted, I am going to uphold that deal. . . . So . . . even though he is eligible for D.E.J., I'm not finding him suitable in the sense that he opted for Prop. 36 and . . . I will uphold that. Now, I may be wrong and you can certainly take that up."

Defense counsel argued that if appellant had been told he was DEJ eligible, he would have requested DEJ. Counsel also argued that because appellant had a favorable O.R. report, he would have been released whether he pled guilty pursuant to DEJ or Proposition 36, or even entered a plea of not guilty.

The trial court denied the request, citing its previously stated reasons and adding: "[O]ne last factor to consider is, I don't know if everyone knew he was D.E.J. eligible at the time. It sounds like from what I have been told off the record that perhaps there was some confusion on whether he was D.E.J. eligible or not and they needed to look into that. I know in our own court we had to continue it once to try to determine if he was D.E.J. eligible. So, again, kind of reading between the lines, it looks like he may have taken advantage of the Prop. 36 so he could get out sooner than later rather than wait to see if he could be D.E.J. eligible, which may have taken some time."

Appellant filed a notice of appeal and requested a certificate of probable cause, which the court granted.


**DISCUSSION**

Proposition 36 and DEJ are two drug diversion programs for eligible nonviolent drug offenders; they provide sentencing alternatives to incarceration. Proposition 36, as codified in sections 1210 and 1210.1, "mandates probation and diversion to a drug treatment program for those offenders whose illegal conduct is confined to using, possessing, or transporting a controlled substance." (*People v.*

4

*Canty* (2004) 32 Cal.4th 1266, 1275.) "If the defendant completes such drug treatment and complies with the other conditions of probation, 'the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant.' [Citation]" (*People v. Alice* (2007) 41 Cal.4th 668, 680.)

In contrast to the mandatory nature of Proposition 36, under DEJ, "defendants charged with certain offenses involving controlled substances (the divertible offenses) may consent to DEJ and thereby be diverted from conventional criminal prosecution. [Citations.] To be granted DEJ, a defendant must (1) plead guilty to the divertible offense or offenses [citation]; (2) meet all six eligibility requirements set forth in section 1000, subdivision (a); and (3) be deemed by the court to be a person who would benefit from education, treatment, rehabilitation, and DEJ [citation]. If a defendant (who has been granted DEJ) completes an assigned drug treatment program and otherwise performs satisfactorily during a period of 18 months to three years [citations], the charges for the divertible offenses are dismissed [citation]." (*People v. Orozco* (2012) 209 Cal.App.4th 726, 731.) Aside from eligibility, the main difference between Proposition 36 and DEJ is that under DEJ, the defendant is not placed on probation while receiving drug treatment.

Here, the People have not disputed that appellant was eligible for both Proposition 36 and DEJ. Appellant contends the trial court should have considered him for DEJ. The People contend appellant is estopped from challenging the denial of DEJ because he received the benefit of his plea agreement pursuant to Proposition 36. We agree with appellant.

Under the doctrine of simple estoppel, "a party is barred from taking certain positions contrary to [his or her] previous actions, such as consenting to a plea

5

agreement." (*People v. Miller* (2012) 202 Cal.App.4th 1450, 1456, fn. 5.) "The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*People v. Chatmon* (2005) 129 Cal.App.4th 771, 773.)

The People contend appellant received the benefit of Proposition 36 by obtaining his immediate release following his plea. As appellant's counsel noted, however, it is probable that due to his favorable O.R. report, appellant would have obtained an immediate release in any event. (See § 1270, subd. (a) ["Any person who has been arrested for, or charged with, an offense other than a capital offense may be released on his or her own recognizance by a court . . . ."].) Accordingly, the People have identified no benefit that appellant received for having consented to a plea agreement pursuant to Proposition 36 instead of DEJ.

Additionally, we discern no public policy reason for precluding appellant from seeking DEJ. Nothing indicates that appellant was trifling with the trial courts. The record shows that when appellant pled guilty on June 20, no one knew whether he was eligible for DEJ. When defense counsel determined appellant was eligible, he promptly informed the trial court and requested DEJ prior to sentencing. Once appellant requested DEJ, the trial court should have exercised its discretion in determining whether appellant was suitable for DEJ. (See § 1000.2 ["The court shall hold a hearing and, after consideration of any information relevant to its decision, shall determine if the defendant consents to further proceedings under this chapter and if the defendant should be granted deferred entry of judgment. If the court does not deem the defendant a person who would be benefited by deferred entry of judgment, or if the defendant does not consent to participate, the proceedings shall continue as in any other case"].) The appropriate

remedy is to remand the matter to the trial court to hold a hearing on whether appellant should be granted DEJ. (See *People v. Dyas* (1979) 100 Cal.App.3d 464, 470 [setting aside judgment of conviction and remanding matter to trial court to exercise its discretion pursuant to sections 1000.1 and 1000.2; "If, as a result of the section 1000.2 hearing the superior court diverts defendant, it shall make its order vacating the judgment of conviction. If it denies diversion, it shall make its order continuing in effect the judgment of conviction, subject to defendant's right to have the denial of diversion reviewed on appeal"].)[3]

---

[3] Appellant asserts that he "does not want to withdraw his [guilty] plea; he is requesting DEJ." The decision to grant or deny DEJ lies within the discretion of the trial court. Under sections 1000.1, subdivision (b) and 1000.2, the court may: (1) deny DEJ if it determines the defendant would not benefit from the program; (2) grant DEJ summarily; or (3) refer the matter to the probation department. If the matter is referred to the probation department, the department conducts an investigation and prepares a report for the court. The court then makes a final determination whether to grant DEJ. (§ 1001.1, subd. (b).) If the court declines to enter DEJ, proceedings continue as in any other case. (§ 1000.2.) Here, the trial court never considered whether appellant would benefit from DEJ. Thus, the matter must be remanded for the court to exercise its discretion in determining appellant's suitability for DEJ.

## DISPOSITION

The judgment is reversed.  The matter is remanded to the trial court for further proceedings consistent with this opinion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.

8